356 So.2d 530 (1977)
STATE of Louisiana in the Interest of Katina MASON and Jerry Lee Mason.
No. 11716.
Court of Appeal of Louisiana, First Circuit.
December 28, 1977.
*531 Calvin C. Fayard, Jr., Denham Springs, for plaintiff.
J. Donald Cascio, Denham Springs, for defendant.
Before LOTTINGER, EDWARDS and PONDER, JJ.
LOTTINGER, Judge.
This is an appeal from a judicial determination that the custody of the minor children, Katina and Jerry Lee Mason should be removed from their parents, Jerry and Jeanitta Mason, and placed with the Division of Family Services of the State of Louisiana. The parents have appealed.
The factual determination that the minors, though loved by their parents, were abused and/or neglected by the appellants has not been raised as an issue on appeal.
Appellants contend that the Trial Judge erred (1) in failing to maintain exceptions of nonconformity of the pleadings and a lack of subject matter jurisdiction, (2) in failing to sequester witnesses who were neither parties, officers of the court nor experts, and (3) in relying on a pretrial investigation report which contained hearsay evidence.

ERROR NO. 1
The basis of appellants' argument under this assignment of error is that the formalities of the petition as required by LSA-R.S. 13:1574 were not met, and thus the Trial Court did not have jurisdiction. The state argued it was proceeding under the authority of LSA-R.S. 14:403. Appellants argue that LSA-R.S. 14:403 is not applicable because it is found in the criminal area of the law, and the parents of these minors have never been charged with a crime. Secondly, since LSA-R.S. 13:1574 and LSA-R.S. 14:403 are in conflict as to procedural requirements, it is obvious the legislature intended that LSA-R.S. 13:1574, which has a well defined procedure, be used for extended custody changes.
We disagree. It is the express purpose of LSA-R.S. 14:403 to protect children who are being physically and mentally abused and/or neglected, and to do so as promptly as possible. LSA-R.S. 14:403 A. Thus, even before investigations can be completed, instanter orders for the immediate removal to protect the child are authorized. LSA-R.S. 14:403 G(6). We find, as did the Trial Judge, that this proceeding was pursuant to LSA-R.S. 14:403, thus the procedural requirements of LSA-R.S. 13:1574 need not be met, and no error was committed.

ERROR NO. 2
It is argued that the Trial Judge refused to sequester two employees of the Division of Family Services and a deputy sheriff, and thus abused the discretion granted by LSA-C.C.P. art. 1631.
Considering the Trial Court in its written reasons for judgment said:
"Accordingly, it is the conclusion of this Court that, without considering any testimony which may have been brought forth *532 by the welfare investigators of the Division of Family Services, * * * ",
We find no abuse of discretion.

ERROR NO. 3
The record indicates that the Trial Judge "looked over" various pretrial reports but these reports were never admitted into evidence. The testimony of Mrs. Carol Helmers, the author of the reports, alleviated the need for introduction of the reports. Her testimony was based on her own personal knowledge of the environment of the children at the Masons' home. The reports never being introduced into evidence, the court's review prior to trial did not prejudice the defendants-appellants.
Subsequent to oral arguments the appellants filed a motion requesting that this Court not consider the written reasons for judgment which were signed after the final judgment from which their appeal is taken. An appeal is taken from a final judgment, not from the written reasons for judgment. LSA-C.C.P. art. 2083. The written reasons for judgment are merely an explication of the Trial Court's determinations. They do not alter, amend, or affect the final judgment being appealed and we find no procedural bar to this Court considering them, whether they are signed before, with or even after the final judgment.
Therefore, for the above and foregoing reasons the judgment of the Trial Court is affirmed at appellants' cost.
AFFIRMED.