ON REHEARING
PER CURIAM.
In applications for rehearing, the State and the father complain that this court’s opinion on rehearing was based upon reports by witnesses of the State and the father that were not formally introduced but which were contained in the record.
Ms. Meriwether testified and read from her report while testifying. Wayne Conrad, DHHR supervisor who signed the staffing report, also referred to and read from the Meriwether report when testifying. Conrad testified he was qualified to make the recommendation that was eventually accepted by the trial court because he was “the agency’s spokesman and party and privy to all information [contained in the staffing report].” He said that his recommendation was based on what was contained in the staffing report.
If the testimony of any witness of either the State or the father is contradicted by what was reported by that witness to DHHR, that testimony is further weakened.
It has been held that where a court looks over or examines reports of a witness that were not introduced into evidence in a DHHR child custody case, the parent is not prejudiced where the author of the reports was subject to examination under oath. State in the Interest of Mason, 356 So.2d 530, 532 (La.App. 1st Cir.1977).
The first rehearing was granted to allow further factual review of the totality of the record. That review has been accomplished. The applications for further rehearing are denied.
FRED W. JONES, Jr., J., dissents.