NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-393

DARYL DWAYNE THOMAS

VERSUS

JOHNDA ROCHELLE ARDOIN

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 14-C-1766-C
HONORABLE ALONZO HARRIS, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and Phyllis M. Keaty, Judges.

AFFIRMED.

**Pride J. Doran**
**Quincy L. Cawthorne**
**Christopher B. Lear**
**The Doran Law Firm**
**521 East Landry Street**
**Opelousas, LA 70571**
**(337) 948-8008**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
**Daryl Dwayne Thomas**

**Frank E. Brown, III (appeal counsel)**
**Law Office of Frank E. Brown, III**
**2023 Government St.**
**Baton Rouge, LA 70809**
**(225) 387-6377**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Johnda Rochelle Ardoin**

**Demi L. Vorise**
**Attorney at Law**
**P. O. Box 697**
**Maringouin, LA 70757**
**(225) 361-0424**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Johnda Rochelle Ardoin**

**EZELL, Judge.**

Johnda Rochelle Ardoin appeals the decision of the trial court granting domiciliary custody of her twin children to their father, Daryl Dwayne Thomas. For the following reasons, we affirm the decision of the trial court.

Ms. Ardoin and Mr. Thomas engaged in a tumultuous, on-again-off-again relationship for roughly six years. As a result of this relationship, twins were born in January of 2007, Jaylon and Jayla Thomas. While involved in the relationship, Ms. Ardoin and Mr. Thomas lived in a home in Plaisance, Louisiana, which was given to Mr. Thomas by his parents. The home was on what amounted to a seven acre compound on which several members of the Thomas family had homes. Eventually, the relationship deteriorated and Ms. Ardoin moved to Baton Rouge in 2013, where she secured a job with the Louisiana Department of Corrections. The children remained with Mr. Thomas when she left.

In April of 2014, Mr. Thomas filed a petition for custody. That May, a hearing officer awarded Mr. Thomas domiciliary custody of the children. Ms. Ardoin objected to that award. In August of that year, Ms. Ardoin took the children from their paternal grandparents during a church service, knowing Mr. Thomas was working offshore. The children remained with her until February of 2015, when Mr. Thomas removed them from school and returned with them to Plaisance. They remained there until April of that year, when Ms. Ardoin again removed them to Baton Rouge. Mr. Thomas then requested trial be set for his petition and requested a temporary custody order. On August 7, 2015, the trial court issued a temporary order granting Mr. Thomas domiciliary custody and Ms. Ardoin visitation. A hearing on the matter was held on August 24, 2015. After that hearing, the trial court issued a judgment granting the parties joint custody,

and again awarding domiciliary custody to Mr. Thomas and visitation to Ms. Ardoin. From that decision, Ms. Ardoin appeals.

Ms. Ardoin asserts two assignments of error on appeal. She claims that the trial court erred in not weighing all the factors for determining the best interests of the children set forth under La.Civ.Code art. 134. She further claims that the trial court erred in its judgment, as she claims the decision is not supported by the record. Because these assignments of error overlap so greatly, we will address them together.

The manner in which child custody determinations are to be made is well settled.

> [T]he court shall award custody of a child in accordance with the best interest of the child. La. C.C. art. 131. The best interest of the child is the sole criterion to be met in making a custody award, as the trial court sits as a sort of fiduciary on behalf of the child and must pursue actively that course of conduct which will be of the greatest benefit to the child. *C.M.J. v. L.M.C.*, 14-1119 (La.10/15/14), 156 So.3d 16, 28, *quoting Turner v. Turner*, 455 So.2d 1374, 1378 (La.1984). It is the child's emotional, physical, material and social well-being and health that are the court's very purpose in child custody cases; the court must protect the child from the real possibility that the parents are engaged in a bitter, vengeful, and highly emotional conflict. *Id*. The legislature has mandated that the court look only to the child's interests so that the court can fulfill its obligations to the child. *Id*. at 28-29.

> . . . .

> As provided in La. C.C. art. 134, all relevant factors in determining the best interest of the child must be considered by the court; such factors may include: (1) the love, affection, and other emotional ties between each party and the child; (2) the capacity and disposition of each party to give the child love, affection, and spiritual guidance and to continue the education and rearing of the child; (3) the capacity and disposition of each party to provide the child with food, clothing, medical care, and other material needs; (4) the length of time the child has lived in a stable, adequate environment and the desirability of maintaining continuity of that environment; (5) the permanence, as a family unit, of the existing or proposed custodial home or homes; (6) the moral fitness of each party, insofar as it affects the welfare of the child; (7) the mental and physical health of

2

each party; (8) the home, school, and community history of the child; (9) the reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference; (10) the willingness and ability of each party to facilitate and encourage a close and continuing relationship between the child and the other party; (11) the distance between the respective residences of the parties; and (12) the responsibility for the care and rearing of the child previously exercised by each party.

**The list of factors provided in Article 134 is nonexclusive, and the determination as to the weight to be given each factor is left to the discretion of the trial court**. *See* La. C.C. art. 134, 1993 Revision Comment (b). The illustrative nature of the listing of factors contained in Article 134 gives the court freedom to consider additional factors; and, in general, the court should consider the totality of the facts and circumstances of the individual case. *See* La. C.C. art. 134, 1993 Revision Comment (c).

*Hodges v. Hodges*, 15-585, pp. 2-4 (La. 11/23/15), 181 So.3d 700, 702-03 (bold emphasis ours).

Article 134 mandates only that all factors relevant to the best interest of the child be considered; it then enumerates twelve factors which *may* be relevant to the best interest determination. As explained in *Cooper v. Cooper*, 43,244, p. 6 (La.App. 2 Cir. 3/12/08), 978 So.2d 1156, 1160 (citations omitted):

The court is not bound to make a mechanical evaluation of all of the statutory factors listed in La. C.C. art. 134, but should decide each case on its own facts in light of those factors. The court is not bound to give more weight to one factor over another, and when determining the best interest of the child, the factors must be weighed and balanced in view of the evidence presented. Moreover, the factors are not exclusive, but are provided as a guide to the court, and **the relative weight given to each factor is left to the discretion of the trial court**.

*See also, Aucoin v. Aucoin*, 02-756 (La.App. 3 Cir. 12/30/02), 834 So.2d 1245; *Hawthorne v. Hawthorne*, 96-89 (La.App. 3 Cir. 5/22/96), 676 So.2d 619, *writ denied*, 96-1650 (La.10/25/96), 681 So.2d 365 (holding that the factors of Article 134 are illustrative and serve as a guide to the trial court).

*Thibodeaux v. O'Quain*, 09-1266, pp. 4-5 (La.App. 3 Cir. 3/24/10), 33 So.3d 1008, 1012-13 (footnote omitted)(bold emphasis ours).

Finally, this court has stated the standard of review for an appellate court in child custody matters: "The trial court is in a better position to evaluate the best interest of the child from its observances of the parties and witnesses; thus, a trial court's determination in a child custody case is entitled to great weight on appeal and will not be disturbed unless there is a clear abuse of discretion." *Hawthorne v. Hawthorne*, 96-89, p. 12 (La.App. 3 Cir. 5/22/96), 676 So.2d 619, 625, *writ denied*, 96-1650 (La. 10/25/96), 681 So.2d 365.

Our review of the record and the trial court's written reasons indicates that it did consider all the relevant factors enumerated in La.Civ.Code art. 134. The trial court specifically stated in its reasons that "[w]hen the court looks at the factors in determining the child's best interest, petitioner, Daryl Thomas wins on the majority of the factors." While the trial court did not specifically address all the factors enumerated in La.Civ.Code art. 134 in its reasons, it is clear that it did consider them.

Further, a review of the record shows that the trial court's determination as to the best interests of the children is reasonable. With respect to the applicable La.Civ.Code art. 134 factors, Ms. Ardoin and Mr. Thomas are essentially equal in many respects. Both care for their children, and both work hard and rely on their families to help them with the children while at work. Both have made unfortunate decisions in the past, and both have failed to allow proper communication between the children and the other parent.

However, the trial court mentions specifically several factors that it felt separated Mr. Thomas from Ms. Ardoin, causing the trial court to find that domiciliary custody with him was in the best interests of the children. Notably, the trial court found that because the children had lived with Mr. Thomas on the

4

Thomas family land for six of their eight years of life, that home provided them with familiarity and stability. The trial court noted the strong family support in favor of Mr. Thomas. The record indicates that the family support is substantial in his home, as he lives surrounded by his parents and other family who frequently help with the children, most notably the paternal grandmother. Moreover, the record indicates that Mr. Thomas recently changed jobs, sacrificing $70,000.00 per year to spend more time with the children. Finally, as noted by the trial court, the children stated a preference to stay with their father.

Given the great weight we must place on the trial court's determination, we can find no clear abuse of the trial court's discretion in the record before us. The trial court's assessment of the relevant factors set forth in La.Civ.Code art. 134 and its ultimate determination are reasonably supported by the record. Therefore, we can find no error with the trial court's designation of Mr. Thomas as domiciliary parent.

Finally, Ms. Ardoin mentions as part of her argument on her second assignment of error that the trial court's reasons do not articulate the facts upon which its conclusions are based. As a matter of law, "a judgment and reasons for judgment are two separate and distinct legal documents and appeals are taken from the judgment, not the written reasons for judgment." *Ziegel v. S. Cent. Bell*, 93-547 (La.App. 5 Cir. 3/16/94), 635 So.2d 314, 316. "The written reasons for judgment are merely an explication of the Trial Court's determinations. They do not alter, amend, or affect the final judgment being appealed . . . ." *State in Interest of Mason*, 356 So.2d 530, 532 (La.App. 1 Cir. 1977). Accordingly, any arguments Ms. Ardoin has with the content of the reasons are of no moment legally. Moreover, a simple reading of those reasons shows that the trial court articulated

several reasons in support of its decision, including the strong family support and the preferences of the children, as mentioned above. Therefore, any argument Ms. Ardoin makes in this regard is not only incorrect legally, but factually, as well.

For the above reasons, we hereby affirm the decision of the trial court. Costs of this appeal are hereby assessed against Johnda Rochelle Ardoin.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2-16.3.