STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-384


GBB PROPERTIES TWO, LLC and DBR PROPERTIES, LLC

VERSUS

STIRLING PROPERTIES, LLC, AMBASSADOR INFRASTRUCTURE,
LLC, FOUR MAGNOLIAS, LLC, AND AMBASSADOR TOWN CENTER
JV, LLC


**********

SUPERVISORY WRIT FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2016-2400
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, Elizabeth A. Pickett, and Shannon J.
Gremillion, Judges.


WRIT DENIED.

**Brent B. Barriere**
**Skylar Rosenbloom**
**Rebecca Sha**
**Fishman Haygood, L.L.P.**
**201 St. Charles Ave. Suite 4600**
**New Orleans, LA 70170-4600**
**(504) 586-5252**
**COUNSEL FOR DEFENDANT/RESPONDENT:**
    **Stirling Properties, LLC**
      **Ambassador Town Center JV, LLC**
      **Ambassador Infrastructure, LLC**

**Rickey W. Miniex**
**Clyde R. Simien**
**Katrena A. Porter**
**Simien and Miniex, APLC**
**104 Rue Iberville**
**Lafayette, LA 70508**
**(337) 269-0222**
**COUNSEL FOR DEFENDANT RESPONDENT:**
    **Stirling Properties, LLC**
      **Ambassador Infrastructure, LLC**
      **Ambassador Town Center JV, LLC**

**Patrick S. McGoey**
**Andrea V. Timpa**
**Ellie T. Schilling**
**Jacob K. Weixler**
**Schonekas, Evans, McGoey & McEachin, LLC**
**909 Poydras Street, Suite 1600**
**New Orleans, LA 70112**
**(504) 680-6050**
**COUNSEL FOR PLAINTIFF/APPLICANT:**
    **DBR Properties, LLC**
      **GBB Properties Two, LLC**

**SAUNDERS, Judge.**

This case concerns the construction of various infrastructure improvements in a commercial real estate development known as "Ambassador Town Center" on a tract of land in Lafayette (the property), a portion of which is owned by the plaintiff-in-reconvention, Ambassador Town Center JV, LLC (Town Center). The remainder of the property is owed by Relators (GBB Properties Two, LLC and DBR Properties, LLC). In 2014, Town Center and Relators planned to construct a pond on the property for drainage and storm water management purposes (pond). Initially, the parties agreed they would maintain the pond jointly and share expenses pro-rata and negotiated a written agreement that the reflected same titled "Pond Maintenance and Drainage Servitude Agreement" (PMDSA). This agreement was never signed, however, because the parties entered into discussions with the Parish of Lafayette to have the pond dedicated to the Lafayette Consolidated Government (LCG) and for LCG to maintain the pond. Consequently, the parties then entered into a Drainage Servitude Agreement (DSA) on December 19, 2014, which contained the same terms as the PMDSA, but with all references to maintenance removed. It is not disputed that the DSA is the only written agreement between the parties and that it is silent regarding pond maintenance, but explicitly states that it "contains the complete understanding and agreement of the parties hereto with respect to all matters referred to herein, and all prior representations, negotiations, and understandings are superseded hereby." After learning that LCG would not accept the dedication, Town Center requested that Relators jointly maintain the pond and share expenses as originally agreed upon, which Relators refused to do.

Relators then filed the present action against Town Center, among other defendants. Town Center, in turn, filed its reconventional demand, seeking to

enforce, under various theories, the original oral agreement.[1] In response, Relators filed their peremptory exception of no cause of action, alleging the DSA superseded any previous oral agreements between the parties. Although both parties attached documents to their pleadings, no exhibits were formally introduced into evidence at the hearing on the exception, at the close of which the trial court took the matter under advisement.

On February 24, 2017, the trial court issued a minute entry, denying Relators' exception:

> Now, having considered the memoranda, the applicable law, and the evidence admitted at the hearing, (which includes, but is not limited to the communications between the parties, and all attached exhibits such as the 12/9/14 e-mail from Mr. Becker concerning the "Pond" (See Exhibit 2) at issue, the Court finds as follows:
> The Court finds that Town Center JV has stated a cause of action upon which relief can be granted. The evidence indicates that there was a meeting of minds, such that maintenance of the "Pond" became an asset which benefits all of the property owners.
> As such, all parties are responsible for, and shall jointly share in the expenses related to the Pond[']s maintenance, notwithstanding that the city, Lafayette Consolidated Government failed to execute a Notice of Acceptance of Perpetual Maintenance Agreement.
> IT IS HEREBY ORDRED that [Relators]' Peremptory Exception of No Cause of Action is Denied.

Thereafter, on March 27, 2017, the trial court signed a written judgment, likewise stating:

> Having considered the memoranda, the applicable law, and the evidence admitted at the hearing (which includes, but is not limited to, the communications between the parties and all attached exhibits such as the 12/9/14 e-mail from Mr. Becker concerning the "Pond" (See Exhibit 2) at issue) and for the reasons set forth in the Court's minute entry dated February 24, 2017,
> **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that [Relators'] Peremptory Exception of No Cause of Action is **DENIED**.

---

[1] Town Center alleged five claims: (1) breach of oral contract, (2) declaratory relief, (3) intentional and negligent misrepresentation, (4) detrimental reliance, and (5) an alternative claim of unjust enrichment.

Relators now seek review of the trial court's judgment, particularly as to its "holding" on the merits.

## SUPERVISORY RELIEF

"The proper procedural vehicle to contest an interlocutory judgment that does not cause irreparable harm is an application for supervisory writs. *See* La. C.C.P. arts. 2087 and 2201." *Brown v. Sanders*, 06-1171, p. 2 (La.App. 1 Cir. 3/23/07), 960 So.2d 931, 933. But see La.Code Civ.P. art. 2083, comment (b), "Irreparable injury continues to be an important (but not exclusive) ingredient in an application for supervisory writs." (Citation omitted.)

## ON THE MERITS

A peremptory exception of no cause of action questions whether the law extends a remedy to anyone under the factual allegations of the petition. *Everything on Wheels Subaru, Inc. v. Subaru S., Inc.*, 616 So.2d 1234 (La.1993). "Every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial." *Indus. Cos., Inc. v. Durbin*, 02-665, p. 7 (La. 1/28/03), 837 So.2d 1207, 1213. Generally, "[n]o evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action." La.Code Civ.P. art. 931. However, a jurisprudentially recognized exception to this rule allows the court to consider evidence that is admitted without objection to enlarge the pleadings. *Maw Enters., L.L.C. v. City of Marksville*, 14-90 (La. 9/3/14), 149 So.3d 210.

It is well settled that the trial court's "oral or written reasons for judgment form no part of the judgment, and that appellate courts review judgments, not reasons for judgment." *Bellard v. Am. Cent. Ins. Co.*, 07-1335, p. 25 (La. 4/18/08), 980 So.2d 654, 671; La.Code Civ.P. art. 1918. "The written reasons for judgment

3

are merely an explication of the Trial Court's determinations. They do not alter, amend, or affect the final judgment being appealed . . . ." *State in the Interest of Mason*, 536 So.2d 530 (La.App. 1 Cir. 1977).

Relators assert that the trial court erred in deciding the merits of the reconventional demand and holding that (1) there was a "meeting of the minds" regarding maintenance of the pond and (2) "all parties are responsible for, and shall jointly share in the expenses related to the Pond's maintenance" when the matter before the trial court was only a peremptory exception of no cause of action. A hearing on an exception, Relators advance, is not the proper procedural tool to determine fact-based findings or to make a judgment on the merits; the trial court's duty is not to determine whether plaintiff can prevail, but merely whether, on the face of the pleadings, plaintiff is legally entitled to relief. Citing *Everything on Wheels*, 616 So.2d 1234; *Friel v. La. Citizens Prop. Ins. Corp.*, 11-1032 (La.App. 4 Cir. 2/28/12), 85 So.3d 180. Herein, however, Relators argue that the trial court essentially granted Town Center's reconventional demand without a trial and without permitting Relators the opportunity to present any evidence in defense. Therefore, the trial court's judgment, which expressly incorporated its reasons cited above, should be reversed, its rulings on the merits vacated, and this matter remanded for a full trial on the merits. In a footnote, Relators claim this court could grant this writ and, based on the pleadings, dismiss Town Center's claims.

In opposition, Town Center argues Relators incorrectly treat the trial court's reasons and findings in the minute entry as a judgment, but reasons are not part of a judgment.[2] Looking only to the words and relief granted in the trial court's formal judgment, Town Center notes that the judgment just denies Relators'

---

[2] Citing *Barlow v. Barlow*, 13-1092, p. 4 (La.App. 3 Cir. 10/23/13), 161 So.3d 24, 28 (holding that document titled "Reasons for Judgment" was not a judgment in absence of formal decretal language, such as "ORDERED, ADJUDGED AND DECREED").

4

exception, *i.e.*, it does not grant the reconventional demand or rule on any evidentiary matters. Therefore, Relators' contention that the trial court erred based upon the language in its reasons, which are absent from its formal judgment, should be rejected. Town Center further asserts the trial court did not err in considering extrinsic evidence to which Relators did not object, as the law is clear such evidence may be introduced in consideration of an exception of no cause of action where the other party does not object. Citing *Maw Enters.*, 149 So.2d 210; *Stewart v. Stewart*, 15-153 (La.App. 3 Cir. 6/3/15), 166 So.3d 448. Documents central to a petition and referenced therein, like the ones referred to by the trial court, may also be considered.

Relators, in reply, assert that, despite its title, the minute entry is an interlocutory judgment that is expressly incorporated into the formal judgment. They also distinguish *Barlow* as it involved a final judgment, not an interlocutory one. As to the trial court's consideration of extrinsic evidence, Relators first assert they have not assigned error on this point. Second, they do not take issue with the trial court's review of the documents, rather their position is that the trial court could not and should not have reached the conclusions on the merits reflected in the minute entry.

The primary problem with Relators' argument is that it fails to take into account the well-settled rule that the trial court's oral or written reasons for judgment form no part of the judgment, and that appellate courts review judgments, not reasons for judgment. Even in the minute entry, all language preceding the "decree" is merely explanatory and does not form part of the judgment subject to review by this court. Although the trial court does expressly incorporate those reasons into its formal judgment, they are still merely reasons. Therefore, although the trial court did arguably exceed its authority in discussing

5

the merits of the claim, its judgment only speaks to the exception, which was properly before the court.  Moreover, it logically follows that, if the trial court found Town Center could succeed on its claim, its pleadings as expanded by the un-objected to documents should be more than sufficient to withstand an exception of no cause of action.  Accordingly, we deny this writ, as we find no error in the trial court's ruling.

**<u>WRIT DENIED.</u>**