# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-264


**HELEN MOORE, ET AL.**

**VERSUS**

**MACQUARIE INFRASTRUCTURE REAL ASSETS, ET AL.**



**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 251,417
CONSOLIDATED WITH 251,456; 251,515; 252,456; 252,458; AND 252,459
HONORABLE PATRICIA KOCH, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**JOHN D. SAUNDERS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Billy H. Ezell, and Phyllis M. Keaty, Judges.


**REVERSED AND REMANDED.**

**Jerold Edward Knoll, Sr.**
**Edmond H. Knoll**
**The Knoll Law Firm**
**233 South Main Street**
**Marksville, La 71351-0426**
**(318) 253-6200**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
**L. E. L'Herisson**
**Helen Moore**
**Calvin I. Trahan**

**Andrew A. Lemmon**
**Attorney at Law**
**15058 River Road**
**Hahnville, LA 70057**
**(985) 783-6789**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
**L. E. L'Herisson**
**Helen Moore**

**Paul Marett Brannon**
**Attorney at Law**
**4916 Lake Como Avenue**
**Metairie, LA 70006**
**(504) 430-1401**
**COUNSEL FOR INTERVENORS/APPELLEES:**
**William H. Seely**
**Charles L. McNeely**

**Lewis Kahn**
**Michael J. Palestina**
**Kahn Swick & Foti, LLC**
**216 Covington Street**
**Madisonville, LA 70447**
**(504) 455-1400**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Calvin I. Trahan**

**W. Raley Alford, III**
**Jennifer L. Thornton**
**Eva J Dossier**
**Stanley, Reuter, Ross, Thornton & Alford, L.L.C.**
**909 Poydras, Suite 2500**
**New Orleans, LA 70112**
**(504) 523-1580**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Cleco Corporation**
**Elton R. King**
**William L. Marks**

     Shelley Stewart, Jr.
     Bruce Williamson
     William H. Walker, Jr.
     Peter M. Scott, III
     Logan W. Kruger
     Vicky A. Bailey
     Darren J. Olagues

Edward J. Fuhr
Eric J. Feiler
Johnathon E. Schronce
Hunton & Williams LLP
951 E. Byrd Street
Richmond, VA 23219
(804) 788-8200
COUNSEL FOR DEFENDANTS/APPELLEES:
     William H. Walker, Jr.
     Peter M. Scott, III
     William L. Marks
     Shelley Stewart, Jr.
     Vicky A. Bailey
     Logan W. Kruger
     Elton R. King
     Bruce Williamson
     Darren J. Olagues

James P. Gillespie
Matthew E. Papex
Kirkland & Ellis LLP
655 Fifteenth St., N.W.
Washington, DC 20005
(202) 879-5000
COUNSEL FOR DEFENDANTS/APPELLEES:
     Cleco Partners L.P. (f.k.a. Como 1 L.P.)
     Como 3, Inc.

Sebastiano Tornatore
Shannon L. Hopkins
Attorney at Law
733 Summer St., Suite 304
Stamford, CT 06901
(212) 363-7500
COUNSEL FOR INTERVENORS/APPELLEES:
     William H. Seely
     Charles L. McNeely

**Vincent S. Wong**
**Attorney at Law**
**39 E. Broadway, Suite 304**
**New York, NY 01000-2000**
**(212) 584-2740**
**COUNSEL FOR INTERVENORS/APPELLEES:**
    **William H. Seely**
    **Charles L. McNeely**

**David T. Wissbroecker**
**Maxwell R. Huffman**
**Edward M. Gergosian**
**David A. Knotts**
**Robbins, Geller, Rudman & Dowd, LLP**
**655 W. Broadway, Suite 1900**
**San Diego, CA 92101**
**(619) 231-1058**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Helen Moore**
    **L. E. L'Herisson**

**Patrick P. Powers**
**Willie C. Brisco**
**8150 N. Central Expressway**
**Suite 1575**
**Dallas, TX 75206**
**(214) 239-8900**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **L. E. L'Herisson**
    **Helen Moore**

**Hamilton P. Lindley**
**4125 W. Waco Drive**
**Waco, TX 76710**
**(254) 753-6437**
**COUNSEL FOR PLAINTIFF APPELLANT:**
    **Helen Moore**
    **L. E. L'Herisson**

**Edward E. Rundell**
**Charles Weems**
**Evelyn Breithaupt**
**Gold Weems Bruser Sues & Rundell**
**P.O. Box 6118**
**2001 MacArthur Drive**
**Alexandria, LA  71307**
**(318) 445-6471**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Cleco Partners L.P. (f.k.a. Como 1 L.P.)**
    **Como 3, Inc.**

**SAUNDERS, Judge.**

This matter arises out of a suit regarding a corporate buyout/merger. Plaintiffs, shareholders in the corporation, filed suit against Defendants, including the board of directors of the corporation and the corporation's Chief Executive Officer, to enjoin the sale of the corporation. Plaintiffs allege, inter alia, that the Chief Executive Officer engaged in self-dealing, acted in bad faith, and breached his fiduciary duty of loyalty, good faith, and fair dealing, to the shareholders, when he misled the board of directors to induce them to push through the sale/merger of the corporation at an unfair price.

Plaintiffs filed an action against Defendants in which they sought injunctive relief to enjoin the sale/merger of the corporation. Defendants filed exceptions, including, but not limited to, those of no right of action and no cause of action. After the injunctive relief was denied, the sale/merger was completed. Thereafter, the trial court sustained Defendants' exceptions of no right of action and no cause of action and denied Plaintiffs' request for injunctive relief. Plaintiffs appeal the trial court's ruling dismissing their claims.

**FACTS AND PROCEDURAL HISTORY**:

Plaintiffs, Helen Moore, Calvin I. Trahan, and Lawrence E. L'Herisson ("Plaintiffs"), shareholders in Cleco Corporation ("Cleco"), initiated a class action suit against a multitude of defendants: Bruce Williamson, Cleco's Chief Executive Officer; Cleco's Board of Directors: William H. Walker, Jr., Elton R. King, William L. Marks, Logan W. Kruger, Peter M. Scott, III, Shelley Stewart, Jr., and Vicky A. Bailey; Darren J. Olagues, President of Cleco Power; Como 1 L.P.; and Como 3 Inc. (collectively "Defendants"), in the Ninth Judicial District Court, to recover damages personally sustained by them as a result of the sale/merger of

Cleco. In response, Defendants filed peremptory exceptions of no cause of action and no right of action to Plaintiffs' class action petition.

During the pendency of this action, hearings were held before the Louisiana Public Service Commission ("LPSC") with the LPSC eventually voting to approve the sale/merger of Cleco. By joint motion, the temporary restraining order Plaintiffs had obtained in an attempt to enjoin the sale of Cleco was dissolved. By agreement, Plaintiffs amended their petition to include a direct cause of action against Defendants. In the interim, the sale/merger of Cleco was perfected.

After oral arguments were presented to the court, the trial court sustained Defendants' peremptory exceptions of no cause of action and no right of action. Plaintiffs timely filed a motion for devolutive appeal. Pursuant to that motion, Plaintiffs are presently before this court alleging three assignments of error.

**ASSIGNMENTS OF ERROR:**

> 1. The District Court erred by granting Appellees' exceptions of both no right and no cause of action when the reasons for its ruling only concerned whether Appellants have the right to bring their asserted claims.
>
> 2. The District Court erred by finding that Appellants' claims were derivative in nature even though they sought to remedy damages personally sustained rather than enforce a right of the Company.
>
> 3. The District Court erred to the extent that it applied any res judicata effects to this action as a result of the Regulatory Proceeding before the LPSC.

**ASSIGNMENT OF ERROR NUMBER ONE:**

Plaintiffs assert that the trial court erred in granting Defendants' exceptions of both no right and no cause of action. We find merit to this assertion.

> "The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit." *Hood v. Cotter*, 2008-0215, p. 17 (La.12/2/08), 5 So.3d 819, 829. An appellate court reviewing a lower court's ruling on an exception of no right of action should focus on whether the particular plaintiff has a right to

2

bring the suit and is a member of the class of persons that has a legal interest in the subject matter of the litigation, assuming the petition states a valid cause of action for some person. *Id.*; *Badeaux v. Southwest Computer Bureau, Inc.*, 2005-0612, p. 6-7 (La.3/17/06), 929 So.2d 1211, 1217; *Turner v. Busby*, 2003-3444, p. 4 (La.9/9/04), 883 So.2d 412, 415-416; *Reese v. State, Dept. of Public Safety and Corrections*, 2003-1615, p. 3 (La.2/20/04), 866 So.2d 244, 246.

The determination whether a plaintiff has a right to bring an action raises a question of law. A question of law requires *de novo* review. *Holly & Smith Architects, Inc. v. St. Helena Congregate Facility, Inc.*, 2006-0582, p. 9 (La.11/29/06), 943 So.2d 1037, 1045.

*Eagle Pipe and Supply, Inc. v. Amerada Hess Corp.*, 10-2267, 10-2272, 10-2275, 10-2279, 10-2289, pp. 6-7 (La. 10/25/11), 79 So.3d 246, 255-56.

[T]he peremptory exception of no cause of action tests the legal sufficiency of the plaintiff's petition by determining whether the law affords a remedy on the facts alleged. *Scheffler v. Adams and Reese, LLP*, 06-1774 (La. 2/22/07), 950 So.2d 641. The exception is tried on the face of the pleading, as La.Code Civ.P. art. 931 instructs that no evidence may be introduced to support or to controvert the exception. "[F]or purposes of resolving the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true." *Id.* at 646. The issue before the court in consideration of an exception of no cause of action is whether, "on the face of the petition, the plaintiff is legally entitled to the relief sought." *Id.* Because the exception presents a question of law, appellate review of the trial court's ruling as to whether the petition states a valid cause of action is de novo. *Id.*

*Dixon v. City of Alexandria*, 16-880, pp. 11-12 (La.App. 3 Cir. 5/31/17), 222 So.3d 739, 748-49 (second alteration in original). "The burden of showing that the plaintiff has stated no cause of action is upon the exceptor. *The public policy behind the burden is to afford the party his day in court to present his evidence*." *City of New Orleans v. Bd. of Dir. of La. State Museum*, 98-1170, p. 9 (La. 3/2/99), 739 So.2d 748, 755, citing *Jarrell v. Carter*, 577 So.2d 120 (La.App. 1 Cir.), *writ denied*, 582 So.2d 1311 (La.1991)(emphasis added).

Although these two exceptions are often confused or improperly combined with the same exception, the peremptory exceptions of no right of action and no cause of action are separate and distinct. La. C.C.P. art. 927(A)(4) and (5); *Industrial Cos., Inc. v. Durbin*, 02-0665, p. 6 (La.1/28/03); 837 So.2d 1207, 1212. This court has recognized that one of the primary differences between the exception of no right

3

of action and no cause of action lies in the fact that the focus in an exception of no right of action is on whether the particular plaintiff has a right to bring the suit, while the focus in an exception of no cause of action is on whether the law provides a remedy against the particular defendant. *Id.*

*Badeaux v. Southwest Computer Bureau, Inc.*, 05-612, 05-719, p. 6 (La. 3/17/06), 929 So.2d 1211, 1216-17.

In the case before us, the trial court granted both Defendants' peremptory exceptions of no cause of action and no right of action because it found that Plaintiffs did not have either a cause of action or right of action under Louisiana law. As such, the trial court dismissed the Plaintiffs' petition.

*No Right of Action*

Defendants argue that the trial court correctly found that Plaintiffs had no right of action because the suit is for a breach of fiduciary duty against Cleco's former director and officers, alleging only injury to Cleco and the entire body of its shareholders. They argue that, under Louisiana Law, such a cause of action can only be asserted derivatively. Plaintiffs lack standing to bring such a derivative action because they are no longer shareholders of Cleco due to Cleco's merger being complete. Thus, Defendants request we uphold the trial court's judgment dismissing Plaintiffs' claims. We find this argument lacks merit.

Former La.R.S. 12:91, repealed by 2014 La. Acts, No. 328, § 5, eff. Jan. 1, 2015, but effective at the time of the alleged breach of fiduciary duties, stated (emphasis added):

> §91. Relation of directors and officers to corporation and shareholders
>
> A. Officers and directors shall be deemed to stand in a fiduciary relation to the corporation *and its shareholders*, and shall discharge the duties of their respective positions in good faith, and with that diligence, care, judgment, and skill which ordinary prudent men would exercise under similar circumstances in like positions; however, a director or officer shall not be held personally liable to the

4

corporation or the shareholders thereof for monetary damages unless the director or officer acted in a grossly negligent manner as defined in Subsection B of this Section, or engaged in conduct which demonstrates a greater disregard of the duty of care than gross negligence, including but not limited to intentional tortious conduct or intentional breach of his duty of loyalty. Nothing herein contained shall derogate from any indemnification authorized by R.S. 12:83.

B. As used in this Section, "gross negligence" shall be defined as a reckless disregard of or a carelessness amounting to indifference to the best interests of the corporation or the shareholders thereof.

C. A director or officer who makes a business judgment in good faith fulfills the duty of diligence, care, judgment, and skill under Subsection A of this Section if the director or officer:

(1) Does not have a conflict of interest with respect to the subject of the business judgment.

(2) Is informed with respect to the subject of the business judgment to the extent the director or officer reasonably believes to be appropriate under the circumstances.

(3) Rationally believes that the business judgment is in the best interests of the corporation and its shareholders.

D. In fulfilling his duties under this Section, a director or officer is entitled to rely upon records and other materials and persons as specified in R.S. 12:92(E).

E. A person alleging a breach of the duty of diligence, care, judgment, and skill owed by an officer or director under Subsection A shall have the burden of proving the alleged breach of duty, including the inapplicability of the provisions as to the fulfillment of the duty under Subsections C and D and, in a damage action, the burden of proving that the breach was the legal cause of damage suffered by the corporation.

F. The provisions of this Section shall apply to all business organizations, whether incorporated or unincorporated, formed under Louisiana law.

In *Crochet v. Cisco Sys., Inc.*, 02-1357, p. 5 (La.App. 3 Cir. 5/28/03), 847 So.2d 253, 256, *writ denied*, 03-1838 (La. 10/17/03), 855 So.2d 765 (first alteration in original), this court wrote the following:

> "[A] claim alleging corporate mismanagement, and a resulting drop in the value of a company's stock is a classic derivative claim; the alleged wrong harms the

5

corporation directly and all of its shareholders indirectly. The fact that such a claim is asserted in the context of a merger does not change its fundamental nature."

[*Parnes v. Bally Entertainment Corp.*, 722 A.2d 1243, 1245 (Del.1999)].

Similarly, in Louisiana, the jurisprudence requires an injury that is "special" or unique to the shareholder. "The American Law Institute has suggested this test for distinguishing direct from derivative claims: if a shareholder can recover in a suit only by showing that the corporation was injured, then the suit is derivative in nature, even if the corporate injury does cause indirect harm to the shareholder, while if a recovery can be granted without a proof of a corporate loss, then the suit is considered to be direct." Morris & Holmes, 8 La.Civ.Law Treatise-Business Organizations § 34.03 (1999). "The general rule is that the right to an action against officers and directors for mismanagement or fraud that causes loss to the corporation is an asset of the corporation and may be asserted secondarily by a shareholder through a shareholder's derivative suit." *Landry v. Thibaut*, 523 So.2d 1370, 1376 (La.App. 5 Cir.), *writ denied*, 526 So.2d 809 (La.1988).

However, there may be instances in which the breach of fiduciary duty causes a direct loss to the shareholder, but not to the corporation, in which case the shareholder may have a right to sue individually. *Thornton ex rel. Laneco Const. Systems, Inc. v. Lanehart*, 97-2871 (La.App. 1 Cir. 1/28/98), 723 So.2d 1127, *writ denied*, 99-177 (La. 3/19/99), 740 So.2d 115. The Louisiana First Circuit Court of Appeal held in *Wilson v. H.J. Wilson Co., Inc.*, 430 So.2d 1227 (La.App. 1 Cir.), *writ denied*, 437 So.2d 1166 (La.1983) that La.R.S. 12:91 expressly extended the fiduciary relationship to shareholders. As such, it found that a valid right of action existed for shareholders when the breach of fiduciary duty caused a personal loss, citing *Noe v. Roussel*, 310 So.2d 806 (La.1975).

Here, we find that Plaintiffs have asserted a right of action. Plaintiffs' petition avers that Defendants caused Plaintiffs damage by knowingly selecting a sale/merger style that resulted in a windfall reward to them while disregarding the damage to Plaintiffs, constituting a breach of their fiduciary duty to Plaintiffs. In

typical derivative suits, shareholders seek to undo deals made by corporate employees in order to recoup corporate assets, or seek to have a corporation make a deal in the corporation's best interest. Plaintiffs are not attempting to do either here.

Rather, Plaintiffs are attempting to recover what they claim are losses they personally sustained when Defendants engaged in practices that sold/merged Cleco for a price less than its potential, using a method more beneficial to Defendants, personally. Cleco, the corporation, did not suffer any loss according to Plaintiffs' petition in this regard. Its status would change from existing as a corporation to no longer existing in the same capacity because of the merger, regardless of the price paid in order to have that merger occur. Thus, according to some of the claims asserted in Plaintiffs' petition, the loss occurred to Plaintiffs, but made no meaningful difference to the corporation. Accordingly, we find that the trial court erred in sustaining Defendants' exception of no right of action.

While this court is aware of cases that may have a differing point of view, we note that the facts present in this case merit this result, as it is more in line with traditional notions of fairness. A differing result would grant immunity to a corporate executive who sought out a merger with unclean hands. A shareholder who is victim to such a situation is left with no access to our courts for recourse. Prior to the merger, such an innocent shareholder could not bring an action given the lack of ripeness of the claim, i.e., the financial harm would have yet to occur. After the merger, the innocent, now former shareholder is left with no avenue to recover any damages due to a supposed no right of action, because any such suit must be derivative and the corporation no longer exists. Such a result also violates a strong public policy of a party having its day in court. We find such a result untenable.

*No Cause of Action*

Defendants argue that the trial court correctly sustained their exception of no cause of action based on the absence of a direct cause of action. As stated above, we find that a direct cause of action existed at the time the suit was filed under former La.R.S. 12:91. *See Thornton*, 723 So.2d 1127, *Wilson*, 430 So.2d 1227, and *Noe*, 310 So.2d 806. As such, we find that Defendants' argument to be without merit and that the trial court erred in sustaining Defendants' exception of no cause of action.

## ASSIGNMENT OF ERROR NUMBER TWO:

The Plaintiffs assert that the district court erred in finding that their claims were derivative in nature, even though they sought to remedy damages personally sustained rather than to enforce a right of the company. Our finding above in Assignment of Error Number One discusses the issue raised in this assignment of error and pretermits the need to address it.

## ASSIGNMENT OF ERROR  NUMBER THREE:

The Plaintiffs contend that the trial court erred to the extent that it applied any res judicata effects to this action as a result of the regulatory proceeding before the LPSC. This contention is without merit.

A de novo review is appropriate when reviewing a determination of the res judicata effect of a prior judgment, because such a determination if a question of law. *Fogleman v. Meaux Surface Prot., Inc.*, 10-1210 (La.App. 3 Cir. 3/9/11), 58 So.3d 1057, *writ denied*, 11-712 (La. 5/27/11), 63 So.3d 995.

The doctrine of res judicata is found in La.R.S. 13:4231, and bars a subsequent action when the following elements are satisfied:

> (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the

cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.

*Burguieres v. Pollingue*, 02-1385, p. 8 (La. 2/25/03), 843 So.2d 1049, 1053.

> It is well settled that the trial court's "oral or written reasons for judgment form no part of the judgment, and that appellate courts review judgments, not reasons for judgment." *Bellard v. Am. Cent. Ins. Co.*, 07-1335, p. 25 (La. 4/18/08), 980 So.2d 654, 671; La.Code Civ.P. art. 1918. "The written reasons for judgment are merely an explication of the Trial Court's determinations. They do not alter, amend, or affect the final judgment being appealed. . . ." *State in the Interest of Mason*, 356 So.2d 530 (La.App. 1 Cir. 1977).

*GBB Props. Two, LLC v. Stirling Props., LLC*, 17-384, pp. 3-4 (La.App. 3 Cir. 7/5/17), 224 So.3d 1001, 1004 (alteration in original).

In the case before us, the judgment of the trial court states, "IT IS ORDERED that Defendant[s'] peremptory exceptions of no right of action and no cause of action are SUSTAINED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff[s'] case is dismissed." The judgment was then signed on September 26, 2016. There is no reference to La.R.S. 13:4231, res judicata, issue preclusion, or the like in the judgment. Accordingly, regardless of whether the trial court made reference to Plaintiffs' concerns having been addressed by the LPSC at several public hearings and findings of the LPSC's Administrative Law Judge regarding the same arguments, the judgment in this case has nothing to do with res judicata. Thus, we will not address this assignment of error.

**CONCLUSION:**

Plaintiffs, Helen Moore, Calvin I. Trahan, and Lawrence E. L'Herisson raise three assignments of error regarding the dismissal of their class action petition against Bruce Williamson, William H. Walker, Jr., Elton R. King, William L. Marks, Logan W. Kruger, Peter M. Scott, III, Shelley Stewart, Jr., Vicky A. Bailey,

Darren J. Olagues, Como 1 L.P., and Como 3 Inc. arising from the sale/merger of Cleco Corporation. We find merit to the first assignment of error, that the trial court erroneously granted exceptions of no right of action and no cause of action that dismissed the class action petition. This finding pretermits the second assignment of error. We decline to address the third assignment of error, as it relates to statements made by the trial court in its reasons for judgment rather than the judgment. We remand this matter to the trial court for further proceedings consistent with this opinion. Costs of this proceeding are assessed to Bruce Williamson, William H. Walker, Jr., Elton R. King, William L. Marks, Logan W. Kruger, Peter M. Scott, III, Shelley Stewart, Jr., Vicky A. Bailey, Darren J. Olagues, Como 1 L.P., and Como 3 Inc.

**REVERSED AND REMANDED.**