STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

18-798


BRITTANY M. BOQUET

VERSUS

NICOLE L. BOQUET


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 103106
HONORABLE DAVID BLANCHET, DISTRICT JUDGE

**********

**JOHN D. SAUNDERS**
**JUDGE**

**********

Court composed of John D. Saunders, Van H. Kyzar, and Candyce G. Perret, Judges.


**AFFIRMED.**


Ann D. Latour
Attorney at Law
405 West Main Street
Lafayette, LA 70501
(337) 235-3878
COUNSEL FOR OTHER APPELLEE:
    S. R. B. (minor child)

**Jeff Landry**
**Attorney General**
**Joseph Scott St. John**
**Deputy Solicitor General**
**Chimene St. Amant**
**Assistant Attorney General**
**P.O. Box 94005**
**Baton Rouge, LA 70804-9005**
**(225) 326-6000**
**COUNSEL FOR OTHER APPELLEE:**
     **State of Louisiana, Office of the Attorney General**

**Henry Adams, III**
**Adams & Associates**
**905 The Boulevard**
**Rayne, LA 70578**
**(337) 334-7000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Nicole L. Boquet**

**Bhyllie J. Mouton**
**Shane M. Mouton**
**Mouton & Mouton Law Firm, LLC**
**905 The Boulevard**
**Rayne, LA 70578**
**(337) 334-7000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Nicole L. Boquet**

**Danielle  Thompson**
**Paul J. deMahy**
**The Thompson Law Firm**
**2901 Johnston Street, Suite 301**
**Lafayette, LA 70503**
**(337) 534-8761**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Brittany M. Boquet**

**SAUNDERS, Judge.**

This appeal comes to this court from a judgment granting an exception of prescription by the trial court where an untimely action to disavow was instituted by the spouse of a birth mother to a child. In the course of the marriage, a child was born giving the spouses the legal status of parents to the minor child.

The spouse of the birth mother instituted divorce proceedings. In response, the birth mother filed an answer and reconventional demand for child support. Thereafter, the spouse of the birth mother filed a disavowal action more than one year from the birth of the minor child. The birth mother responded to the disavowal action by filing an exception of prescription, which the trial court granted.

The spouse of the birth mother files this appeal asserting that the trial court erroneously applied La.Civ.Code arts. 185 and 189 in this matter. We find no error by the trial court.

## FACTUAL AND PROCEDURAL HISTORY:

Brittany and Nicole Boquet married on December 18, 2015. At the time of the marriage, Nicole was pregnant. Brittany had full knowledge that Nicole was pregnant. The child was born on February 5, 2016. Brittany was aware of the circumstances that brought into question whether she was not the biological parent of the child. Brittany accepted tax benefits of having a child with Nicole when they filed a joint tax return for the year 2016.

On March 14, 2017, Brittany filed a petition for divorce and termination of the matrimonial regime from Nicole. In that petition, Brittany alleged that one child was born of their marriage. Brittany sought joint custody and access to the child pursuant to a custody plan.

On April 19, 2017, Nicole filed an answer to Brittany's petition for divorce and a reconventional demand seeking child support from Brittany. On April 28,

2017, Brittany filed a petition for declaratory judgment and disavowal of the minor child. Nicole responded by filing various pleadings and exceptions, of which is relevant, an exception of prescription. The trial court granted Nicole's exception of prescription. Brittany appeals, alleging eight assignments of error.

**ASSIGNMENTS OF ERROR:**

1. The Trial Court erred by ruling that Civil Code Articles 185 and 189 violated the U.S. and Louisiana Constitutions without a party specifically challenging their constitutionality in a pleading and without the Attorney General being notified.

2. The Trial Court erred in deciding this controversy based on the spousal relationship between Brittany Boquet and Nicole Boquet rather than on the absence of a parent-child relationship between Brittany Bouquet and [S.R.B.].

3. The Trial Court erred by retroactively applying *Pavan v. Smith*, 137 S. Ct. 2075, 198 L. Ed.2d 636 (2017).

4. The Trial Court erred when it declared that Civil Code Article 185 violated the Equal Protection Clause of the 14th Amendment of the U.S. Constitution and Article 1, Section 3 of the Louisiana Constitution.

5. The Trial Court erred in usurping the Legislature's authority by redrafting the Civil Code Article 185 in such a way that it violated Brittany Boquet's rights of Equal Protection guaranteed by the 14th Amendment to the U.S. Constitution and Article 1, Section 3 of the Louisiana Constitution.

6. The Trial Court erred in retroactively applying its decision that Civil Code Article 185 violates the Equal Protection clauses of the 14th Amendment to the U.S. Constitution and Article 1, Section 3 of the Louisiana Constitution.

7. The Trial Court erred by usurping the authority of the Legislature and violating Civil Code Article 3457 by redrafting Civil Code Article 189 to apply to the disavowal of maternity by the wife of a birth mother.

8. The Trial Court erred in applying its redrafted Civil Code Article 189 retroactively, in violation of the Due Process Clauses of the

2

14th Amendment of the U.S. Constitution and Article 1, Section 3 of the Louisiana Constitution.

## ASSIGNMENTS OF ERROR NUMBERS FOUR, FIVE, SIX, SEVEN, AND EIGHT:

*Constitutional Issues*

Nicole raises constitutional issues in assignments of error numbers four, five, six, seven, and eight. We decline to address these assignments of error as they are not properly before us.

In *Johnson v. Welsh*, 334 So.2d 395, 396 (La.1976), the Louisiana Supreme Court stated, "[i]t is well settled that all laws are presumed to be constitutional until the contrary is made to appear, and that as a general rule a litigant cannot raise the unconstitutionality of a statute unless its unconstitutionality is specially pleaded and the grounds particularized." Here, neither party challenged the constitutionality of La.Civ.Code arts. 185 and 189. Accordingly, the constitutionality of La.Civ.Code arts. 185 and 189 is not in the proper posture for this court's review.

## ASSIGNMENTS OF ERROR NUMBERS ONE, TWO, AND THREE:

In the first alleged error, Brittany asserts that the trial court erred by ruling that La.Civ.Code arts. 185 and 189 violated the U.S. and Louisiana Constitutions without a party specifically challenging their constitutionality in a pleading and without the Attorney General being notified. We agree that the trial court's reasons for judgment iterated that it was basing its judgment on its finding that La.Civ.Code arts. 185 and 189 were not constitutional. This is not proper.

However, Brittany correctly protesting that the trial court's reasons for judgment are improperly based on constitutional grounds does not render the actual judgment of the trial court erroneous.

It is well settled that the trial court's "oral or written reasons for judgment form no part of the judgment, and that appellate courts review

3

judgments, not reasons for judgment." *Bellard v. Am. Cent. Ins. Co.*, 07-1335, p. 25 (La. 4/18/08), 980 So.2d 654, 671; La.Code Civ.P. art. 1918. "The written reasons for judgment are merely an explication of the Trial Court's determinations. They do not alter, amend, or affect the final judgment being appealed. . . ." *State in the Interest of Mason*, 356 So.2d 530 (La.App. 1 Cir. 1977).

*GBB Props. Two, LLC v. Stirling Props., LLC*, 17-384, pp. 3-4, (La.App. 3 Cir. 7/5/17), 224 So.3d 1001, 1004.

The judgment of the trial court states, "**IT IS FURTHER ORDERED** that this court grants Nicole L. Boquet's Peremptory Exception of Prescription and assesses costs for the Exception to Brittany M. Boquet." Therefore, we will review whether the grant of Nicole's exception was proper.

The standard of review of a grant of an exception of prescription is determined by whether evidence was adduced at the hearing of the exception. If evidence was adduced, the standard of review is manifest error; if no evidence was adduced, the judgment is reviewed simply to determine whether the trial court's decision was legally correct. *Allain v. Tripple B Holding, LLC*, 13-673 (La.App. 3 Cir. 12/11/13), 128 So.3d 1278. The party pleading the exception of prescription bears the burden of proof unless it is apparent on the face of the pleadings that the claim is prescribed, in which case the plaintiff must prove that it is not. *Id.*

*Arton v. Tedesco*, 14-1281, p. 3 (La.App. 3 Cir. 4/29/15), 176 So.3d 1125, 1128, *writ denied*, 15-1065 (La. 9/11/15), 176 So.3d 1043. Here, evidence was introduced at the hearing. Accordingly, we will review this matter using the manifest error standard of review.

*Proper Application of La.Civ.Code arts. 185 and 189*

In assignment of error number two, Nicole argues that the trial court erred in deciding this controversy based on the spousal relationship between she and Brittany Boquet rather than on the absence of a parent-child relationship between Brittany Bouquet and S.R.B. In the third assignment of error, Nicole contends that the trial court erred by retroactively applying *Pavan v. Smith*, 137 S.Ct. 2075 (2017). We find no merit to these contentions.

4

United States Constitution Article VI states, "[t]his Constitution . . . shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any State to the contrary notwithstanding." Based on "the supreme law of the land," i.e., the United States Constitution, the United States Supreme Court, in *Obergefell v. Hodges*, 135 S.Ct. 2584, 2601 (2015), stated:

> The States have contributed to the fundamental character of the marriage right by placing that institution at the center of so many facets of the legal and social order.
>
> There is no difference between same- and opposite-sex couples with respect to this principle. Yet by virtue of their exclusion from that institution, same-sex couples are denied the constellation of benefits that the States have linked to marriage.

The concept of equal treatment for marriage between a man and woman and marriage between spouses of the same sex was reiterated by the United States Supreme Court in *Pavan*, 137 S.Ct. 2075. In *Pavin*, an Arkansas Statute, as written, allowed for a female spouse of a birth mother to be excluded from a child's birth certificate. The Supreme Court ordered that the statute be applied constitutionally by extending the same "constellation of benefits" to female spouses of birth mothers as were given to male spouses of birth mothers.

Here, La.Civ.Code art. 185 (emphasis added) states, "[t]he *husband* of the mother is presumed to be the *father* of a child born during the marriage or within three hundred days from the date of the termination of the marriage." Additionally, La.Civ.Code art. 189 (emphasis added) states, in pertinent part, the following:

> The action for disavowal of paternity is subject to a liberative prescription of one year. This prescription commences to run from the day of the birth of the child, or the day the *husband* knew or should have known that *he* may not be the biological father of the child, whichever occurs later.

Thus, under an interpretation of La.Civ.Code arts. 185 and 189 in the environment existing prior to *Obergefell v. Hodges*, the female spouse of a birth mother would not enjoy the same "constellation of benefits" as those of a male spouse of a birth mother. However, the United States Supreme Court has made it clear that this old framework is not the status of the laws of this land.[1] Thus, to interpret La.Civ.Code arts. 185 and 189 as Brittany suggests is not proper under an established interpretation of "the supreme law of the land" as made by our United States Supreme Court in *Obergefell* and reiterated in *Pavan*. As such, using the reasoning of *Pavan*, we find that we must apply La.Civ.Code arts. 185 and 189 in such a manner that Brittany, the female spouse of a birth mother, has the same "constellation of benefits" and obligations as those of a male spouse of a birth mother.

In the case before us, on March 14, 2017, Brittany filed a petition for divorce from Nicole. The petition alleged they were married on December 18, 2015. Brittany knew that Nicole was pregnant when they married. A child was born of the marriage on February 5, 2016. Therefore, under La.Civ.Code art. 185, Brittany is presumed to be a parent of the child. Further, under La.Civ.Code art. 189, the one year liberative prescription of any disavowal action began to run on February 5, 2016, the date of the child's birth and also when Brittany knew or should have known that

---

[1] We note that while not procedurally proper to consider the constitutionality of La.Civ.Code arts. 185 and 189, under *Louisiana Federation of Teachers v. State*, 13-120, 13-232, 13-350, pp. 22, (La. 5/7/13), 118 So.3d 1033, 1048 (citations omitted), the Louisiana Supreme Court laid out these principles:

> [B]ecause it is presumed that the legislature acts within its constitutional authority in promulgating a legislative instrument, this court must construe a legislative instrument so as to preserve its constitutionality when it is reasonable to do so. In other words, if a legislative instrument is susceptible to two constructions, one of which would render it unconstitutional or raise grave constitutional questions, the court will adopt the interpretation of the legislative instrument which, without doing violence to its language, will maintain its constitutionality.

> In choosing to align La.Civ.Code arts. 185 and 189 with the current environment as laid out by *Obergefell* and *Pavan,* this court is adhering to these principles.

she might not be a biological parent of the child. Thus, Brittany had until February 5, 2017 to file an action for disavowal. Brittany's petition for disavowal was filed on April 28, 2017. Therefore, Brittany's petition for disavowal was prescribed on its face, and she has the burden of proving why her petition to disavowal was not prescribed. We find no evidence that Brittany has carried this burden. Accordingly, we find that the trial court's judgment granting Nicole's exception of prescription was legally correct.

## CONCLUSION:

Brittany Boquet files eight assignments of error. We decline to address any assignments that question the constitutionality of any laws, as any such issues are not in the procedurally proper posture. We further find that Brittany's remaining assignments, which question whether La.Civ.Code arts. 185 and 189 can be applied in this case and whether Nicole Boquet's exception of prescription was improperly granted by the trial court, are without merit. All costs of these proceedings are assessed to Brittany Boquet.

**AFFIRMED.**