# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 21-433

JASON J. DUREL, M.D.

VERSUS

ACADIAN EAR, NOSE, THROAT &
FACIAL PLASTIC SURGERY, APMC

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20211521
HONORABLE ROYALE L. COLBERT, JR., DISTRICT JUDGE

**********

### SHARON DARVILLE WILSON
### JUDGE

**********

### ON REHEARING

**********

Court composed of Sylvia R. Cooks, Chief Judge, Shannon J. Gremillion, John E. Conery, D. Kent Savoie, and Sharon Darville Wilson, Judges.

REVERSED IN PART;
CROSS APPEAL DISMISSED; AND REMANDED.

**Cooks, Chief Judge, concurs in part, dissents in part, and joins in the reasons assigned by Judge Conery.**

**Conery, J., concurs in part, dissents in part and assigns reasons.**

**Steven G. Durio**
**Lauren Ashley Noel**
**Durio, McGoffin, Stagg, & Guidry**
**P. O. Box 51308**
**Lafayette, LA 70505-1308**
**(337) 233-0300**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **Jason J. Durel, M.D.**

**James H. Gibson**
**Charles M. Kreamer, Sr.**
**Gibson Law Partners, LLC**
**P. O. Box 52124**
**Lafayette, LA 70505**
**(337) 761-6023**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Acadian Ear, Nose, Throat & Facial Plastic Surgery Center, APMC**

**WILSON, Judge.**

## ON REHEARING

Defendant-Appellant, Acadian Ear, Nose, Throat and Facial Plastic Surgery Center, APMC (AENT), filed this motion for rehearing, asking this court to reconsider our prior ruling dismissing their appeal as moot and remanding to the trial court for further proceedings. We granted AENT's motion for rehearing. After further review, we now find that the question of contract modification and waiver presented a justiciable controversy, and the trial court erred in ruling that there had been a modification and waiver of the non-compete and non-solicitation provisions.

## DISCUSSION

### MOOTNESS

In our prior ruling, we held that all issues regarding enforcement of the subject injunction were rendered moot and required dismissal of the appeal. It is true that an injunction in this case can no longer issue. AENT sought a preliminary injunction prohibiting Dr. Durel from continuing to violate the non-compete and non-solicitation provisions contained in the employment contract between the parties. In accordance with the terms of the contract and the requirements of La.R.S 13:921, the subject provisions could no longer be enforced after April 24, 2022, two years from the date of Dr. Durel's termination. Thus, we affirm our previous holding of mootness as it relates to the TRO and preliminary injunction. However, after further review, we find that this fact alone does not render AENT's appeal moot, and the appeal should not be dismissed.

It is well settled that our courts will not decide abstract, hypothetical or moot controversies, or render advisory opinions regarding such controversies. *Cat's Meow, Inc. v. City of New Orleans Through Dep't of Fin.*, 98-601 (La. 10/20/98),

720 So.2d 1186. According to our jurisprudence, "an issue is 'moot' when a judgment or decree on that issue has been 'deprived of practical significance' or 'made abstract or purely academic[,]'" and "[a] case is 'moot' when a rendered judgment or decree can serve no useful purpose and give no practical relief or effect." *Id.* at 1193.

In our prior opinion, we held that the judgment under review only concerned the dissolvement of the TRO and denial of the request for preliminary injunction. However, on appeal, AENT specifically sought review of the trial court's findings of a modification of the employment contract and a waiver of the non-compete and non-solicitation provisions. If these findings are not reversed by this court, they will become law of the case and AENT will be prohibited from demanding damages for the violations of the non-compete and non-solicitation provisions of the employment contract.

The law of the case doctrine refers to "(a) the binding force of trial court rulings during later stages of the trial, (b) the conclusive effects of appellate rulings at the trial on remand, and (c) the rule that an appellate court will ordinarily not reconsider its own rulings of law on a subsequent appeal in the same case." *Petition of Sewerage & Water Bd. of New Orleans*, 278 So.2d 81, 83 (La.1973). The policy reasons behind this doctrine are "the avoidance of indefinite relitigation of the same issue; the desirability of consistency of the result in the same litigation; and the efficiency, and the essential fairness to both sides, of affording a single opportunity for the argument and decision of the matter at issue." *Id*. If the findings of modification and waiver are not reversed, the law of the case doctrine dictates that AENT is not entitled to any damages because enforcement of the provisions was waived. Thus, a judgment from this court will have practical effect since it will

2

impact the viability of AENT's pending damages claims for violations of the subject provisions. AENT's damages claims can only go forward if we determine that the trial court erred in finding a modification and waiver.

In their brief for rehearing, AENT also argue that this court erred in dismissing the appeal as moot as the subject of the appeal concerns an issue "capable of repetition but evading review," and thus falls within an exception to the mootness doctrine. Both federal and state courts have held that a court may consider the merits of a case that would otherwise be deemed moot when it concerns an issue with a "duration too short to be fully appealed prior to its cessation or expiration and a reasonable expectation existed that the same complaining party would be subjected to similar action." *State v. Rochon*, 11-09, p. 11 (La. 10/25/11), 75 So.3d 876, 884.

> The classic example of this exception is the landmark abortion case, *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973). Holding that a constitutional challenge remained justiciable despite the end of the pregnancy, the Supreme Court stated:
>
>> [W]hen, as here, pregnancy is a significant fact in the litigation, the normal 266–day human gestation period is so short that the pregnancy will come to term before the usual appellate process is complete. If that termination makes a case moot, pregnancy litigation seldom will survive much beyond the trial stage, and appellate review will be effectively denied.... Pregnancy provides a classic justification for a conclusion of nonmootness. It truly could be "capable of repetition, yet evading review."
>
> *Id.*, 410 U.S. at 125, 93 S.Ct. at 713. For similar reasons, cases challenging election laws often fall within the "capable of repetition, yet evading review" exception because "the inherently brief duration of an election is almost invariably too short to enable full litigation on the merits." *Porter v. Jones*, 319 F.3d 483, 490–91 (9th Cir.2003).

*Id.* at 884-85. Unlike federal courts, Louisiana courts have seemingly rejected the "same complainant" requirement or recognized an exception when the matter is of "public importance." *Id.* at 887. Courts will find that an issue is "capable of repetition, yet evading review" if the problem is capable of repetition generally and likely to recur for others. *Id.*

In the present case, the judgment was issued on May 26, 2021, and AENT filed a motion for devolutive appeal the same day. Oral argument was heard by three-judge panel on January 4, 2022; however, the case was assigned to a five-judge panel with oral argument set for April, 27, 2022, three days after the two-year period expired. AENT filed their appeal in a timely manner, but due to time delays inherit in the appellate process, they could not obtain full appellate review and final decision prior to the cessation of the two-year period controlling the non-compete and non-solicitation provisions. All issues involving non-compete and non-solicitation provisions are limited to a two-year period, and given the lengthiness of full appellate review, we find that the first prong of the capable of repetition exception is satisfied.

Non-compete and non-solicitation provisions are frequently included in employment contracts across the state. Considering the law of the case doctrine, a trial court's rulings when issuing a judgment on a motion for injunction can extinguish an employer's related claims for damages. As such, other employers who seek both injunctive relief and damages for alleged violations of these provisions could similarly find themselves without the ability to fully litigate said issues on the merits before the expiration of the two-year period. Under the circumstances, we find that the second prong of the exception is also met, and this is a case where the

controversy is capable of repetition, yet evading review. We will now consider the merits of the appeal.

## MODIFICATION/WAIVER

The heart of AENT's appeal is whether the trial court was correct in finding that there was a modification to the existing employment contract that resulted in a waiver of the non-compete provision. The trial court determined that AENT modified the employment agreement at least by May 8, 2020, and therefore waived the non-compete portion when they failed to enforce the non-compete for over ten months with full knowledge of where and with whom Dr. Durel was working. The trial court also found that Dr. Joseph's testimony that he referred a patient to Dr. Durel at his new practice was evidence of a clear intent not to enforce the non-compete. After reviewing the terms of the employment contract in light of Louisiana contract law, we find that the trial court erred in finding a modification and waiver of the non-compete agreement.

The existence of a modification is a question of contract law. "Interpretation of a contract is the determination of the common intent of the parties." La.Civ.Code art. 2045. "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La.Civ.Code art. 2046. Section 14 of the employment agreement details that "no alteration or modification of this Agreement shall be valid unless made in writing and executed by each of the parties hereto." The express language of the contract requires a writing for a modification of the agreement. There is no such writing in the record, therefore, the trial court erred in finding that there was a modification of the employment agreement.

5

The trial court held that the non-compete provision of the agreement had been waived by the conduct of AENT. This too was an error. "Waiver is generally understood to be the intentional relinquishment of a known right, power, or privilege." *Steptore v. Masco Constr. Co., Inc.*, 93-2064, p. 4 (La. 8/18/94), 643 So.2d 1213, 1216. "Waiver occurs when there is an existing right, a knowledge of its existence and an actual intention to relinquish it or conduct so inconsistent with the intent to enforce the right as to induce a reasonable belief that it has been relinquished." *Id.*

At the hearing, Dr. Durel presented evidence showing that AENT knew from the beginning where Dr. Durel was practicing, they never mentioned or attempted to enforce the non-compete prior to the filing of the present lawsuit; AENT notified Dr. Durel's patients of his new address and phone number; AENT provided him with his patient list; and Dr. Joseph referred a patient to Dr. Durel at his new location. The trial court found that these facts, particularly the fact that Dr. Joseph admitted to referring a patient to Dr. Durel at his new location, revealed a clear intent not to enforce the non-compete.

Although these facts could suggest that AENT had no intention of enforcing the non-compete, we find that the legal requirements for a finding of waiver were not met. The contract at issue is unequivocal that a valid waiver was required to be in writing. Moreover, the defense of waiver was never specifically raised by Dr. Durel but was instead raised by the trial court.[1] Thus, we find that the

---

[1] Under La.Code Civ.P. art. 1005, in ordinary proceedings the answer shall set forth any matter constituting an affirmative defense. Waiver is an affirmative defense which must be expressly plead in the answer. However, as this was a summary proceeding, Dr. Durel was not required to file an answer and was not required to raise the defense in a pleading. In his supporting memorandum and arguments to the trial court, Dr. Durel clearly sets forth the defense of judicial estoppel.

trial court erred in finding that the non-compete and non-solicitation provisions had been waived.

## CROSS APPEAL

Dr. Durel filed a cross-appeal asserting that the trial court erred by holding that a TRO pursuant to La.R.S. 23:921(H) is "automatic" and not a matter within the sound discretion of the district court. Dr. Durel also alleged that the trial court erred by failing to award costs, damages and attorney's fees as prayed for in connection with the motion to dissolve the temporary restraining order. AENT filed a motion to dismiss Dr. Durel's cross appeal asserting that there is no appellate jurisdiction for the cross appeal as it was untimely filed.

Louisiana Code of Civil Procedure Article 2133 provides, in pertinent part,

> A. An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record whichever is later. The answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him in favor of the appellant and of which he complains in his answer.

More specifically, La.Code Civ.P. art. 3612 provides,

> C. An appeal from an order or judgment relating to a preliminary injunction must be taken, and any bond required must be furnished, within fifteen days from the date of the order or judgment. The court in its discretion may stay further proceedings until the appeal has been decided.

> D. Except as provided in this Article, the procedure for an appeal from an order or judgment relating to a preliminary or final injunction shall be as provided in Book III.

7

"Rules of statutory construction provide that where two statutes deal with the same subject matter, they should be harmonized if possible; however, if there is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character." *LeBreton v. Rabito*, 97-2221, p. 7 (La. 7/8/98), 714 So.2d 1226, 1229. Articles 2133 and 3612 provide two different deadlines for which to file an appeal, and thus there is a conflict. Since La.Code Civ.P. art. 3162 specifically deals with appeals taken from orders relating to preliminary injunctions, its delay period applies to the exclusion of the general period provided in La.Code Civ.P. art 2133, and the parties had fifteen days after the signing of the order to file an appeal. The order was signed on May 26, 2021. Dr. Durel filed his answer and cross appeal on August 23, 2021, well after the fifteen-day delay. Consequently, Dr. Durel's cross appeal was untimely and is dismissed.

For the foregoing reasons, on rehearing we reverse our earlier ruling dismissing the appeal as moot. We maintain our original holding of mootness in regard to the TRO and preliminary injunction but find that the question of modification and waiver presented a justiciable issue to this court. We find the trial court committed error and there was no valid waiver of the non-compete and non-solicitation provisions. Accordingly, the case is remanded for further proceedings consistent with this opinion, and Dr. Durel's cross appeal is dismissed as untimely. All costs of this appeal are assessed against the appellee, Dr. Jason J. Durel.

**REVERSED IN PART; CROSS APPEAL DISMISSED; AND REMANDED.**

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

21-433
ON REHEARING

JASON J. DUREL, M.D.

VERSUS

ACADIAN EAR, NOSE, THROAT &
FACIAL PLASTIC SURGERY, APMC

CONERY, Judge, concurring in part and dissenting in part.

In brief summary, Dr. Durel sued AENT seeking to recover his shares in AENT's medical practice. AENT reconvened, alleging that Dr. Durel violated the non-compete terms of his physician employment contract. AENT sought to enjoin and restrain Dr. Durel from practicing his specialty in Lafayette Parish for the length of that contract. AENT further sought damages and attorney fees for breach of that contract. The trial court signed a temporary restraining order (TRO) against Dr. Durel pending a hearing on AENT's request for a preliminary injunction.

Dr. Durel alleged in response to AENT's request for TRO and preliminary injunction that AENT waived enforcement of its non-compete agreement. The parties presented factual testimony surrounding the waiver issue at a hearing set purely within the context of the incidental summary proceeding related to the TRO and preliminary injunction. There was no trial on the merits in an ordinary proceeding.

After a four (4) day hearing on the relief sought in the summary proceeding, the trial judge denied AENT's motion for preliminary injunction.

The resulting interlocutory judgment stated:

> Two matters in this case were heard by the court May 7 and May 10 through 13, 2021: Plaintiff's *Motion to Dissolve Temporary Restraining Order* and Defendant's *Motion for Preliminary Injunction*. After considering the evidence presented and arguments of counsel:
>
> IT IS ORDERED that Plaintiff's *Motion to Dissolve Temporary Restraining Order* is GRANTED.
>
> IT IS ALSO ORDERED that Defendant's *Motion for Preliminary Injunction* is DENIED.

It was, and is, the only judgment on appeal.

On original appeal, we found that the two-year period for injunctive relief against physicians under employment contracts such as the one at issue in this case had expired while the appeal was pending. La.R.S. 23:921. We therefore dismissed the appeal as moot. Again, the only judgment on appeal was the judgment granting Dr. Durel's motion to dissolve the TRO and denying AENT's request for a preliminary injunction.

By a 3-2 vote, this court granted AENT's motion for rehearing, received additional briefing, and heard additional oral arguments. On rehearing, the majority maintains the original holding that the request for preliminary injunction is moot based solely on our holding that the time period during which such an injunction may be issued has expired. *See Durel v. Acadian Ear, Nose, Throat & Facial Plastic Surgery, APMC*, 21-433 (La.App. 3 Cir. 5/25/22) (2022 WL 1664339).

The lead opinion on rehearing, however, goes further and addresses the trial court's underlying *factual determination* that AENT had waived its right to enforce the preliminary injunction. The majority does so upon a determination that if the trial court's factual findings regarding waiver are not reversed by this appeal, the findings will become law of the case, and AENT will be unable to demand damages

2

for violations of the non-compete and non-solicitation provisions of the employment contract. I disagree and respectfully dissent from the majority's determination, and instead point out that the law of the case doctrine has no place in the matter before the court.

First, the issue with which the majority is concerned is a factual finding of waiver made by the trial court at a summary proceeding on the preliminary injunction issue only and *is only part of the trial court's oral reasons for ruling*. It forms no part of the actual judgment of the trial court judgment quoted *infra*. Courts, however, review judgments, not reasons for judgment. *See Bellard v. American Cent. Ins. Co.*, 07-1335 (La. 4/18/08), 980 So.2d 654. Oral or written reasons for ruling form no part of the judgment. *Boquet v. Boquet*, 18-798 (La.App. 3 Cir. 4/10/19), 269 So.3d 895, *writ denied*, 19-0673 (La. 6/17/19), 274 So.3d 1261. Rather, reasons for judgment are "'merely an explication of the Trial Court's determinations.'" *Id.* at 899 (quoting *State in the Interest of Mason*, 356 So.2d 530 (La.App. 1 Cir. 1977)). Here, the judgment *itself* has been rendered moot. It follows that all underlying factual findings attendant to that judgment in this summary proceeding are no longer viable as those findings were related to the trial court's findings of waiver by AENT and thus issued for different reasons.

We now have issued reasons finding that the period during which a physician's employment agreement can be enforced (two years) has now expired and *that* is why the preliminary injunction has expired by operation of law and is now moot. *See* La.R.S. 23:921. More importantly, however, is the fact that the "judgment" under review is interlocutory in nature as it only pertains to the preliminary injunction sought by AENT. *See, e.g., Dunbar v. Howard*, 21-1171

3

(La.App. 1 Cir. 8/16/22) (2022 WL 3569488) (A judgment on a preliminary injunction is an appealable, *interlocutory* judgment).

Our supreme court has clearly explained that the law of the case doctrine "does not apply in the context of a trial court ruling on interlocutory issues[.]" *Land v. Vidrine*, 10-1342 (La. 3/15/11), 62 So.3d 36. *See also Meadows v. Adams*, 18-1544, p. 10 (La.App. 1 Cir. 11/9/20), 316 So.3d 5, 7 ("The law of the case doctrine does not apply to trial court rulings on interlocutory issues."); *Zanella's Wax Bar, LLC v. Trudy's Wax Bar, LLC*, 19-0043 (La.App. 1 Cir. 11/7/19), 291 So.3d 693, *writ denied*, 19-01931 (La. 1/28/20), 291 So.3d 1052; *Guidry v. USAgencies*, 16-0562 (La.App. 1 Cir. 2/16/17), 213 So.3d 406, *writ denied*, 17-0601 (La. 5/26/17), 221 So.3d 81.

More pointedly, the doctrine is even inapplicable to the trial court's *judgment* on the preliminary injunction. *See Monlezun v. Lyon Interests, Inc.*, 11-576 (La.App. 3 Cir. 11/2/11), 76 So.3d 628 (finding the law of the case doctrine inapplicable to a trial court's issuance of a preliminary injunction upon its observation that the ruling was an interlocutory order issued in a summary proceeding incidental to the main demand for permanent injunctive relief). Moreover, and as previously mentioned, the trial court's preliminary injunction issue is now moot as the period during which such an injunction can apply has now expired under La.R.S. 23:921 as explained in our original opinion. *See Durel*, 21-433.

Rather, the only matter before the court now is the limited, interlocutory judgment, quoted *infra.*, which the majority has recognized is now moot. Accordingly, as stated in our original opinion, I find it appropriate to remand for further proceedings on the parties' remaining demands.