# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 23-719


**TOMMY M. ARDOIN, JR. AS (IN HIS CAPACITY AS THE EXECUTOR OF THE SUCCESSION OF TOMMY M. ARDOIN, SR.)**

**VERSUS**

**CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON (SUBSCRIBING TO CERTIFICATE NUMBER LD606857-01)**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-184-23
HONORABLE CRAIG STEVE GUNNELL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**GARY J. ORTEGO**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Candyce G. Perret, Gary J. Ortego, and Guy E. Bradberry, Judges.

**AFFIRMED.**

**Rene Charles Gautreaux**
**Alex S. Dunn, Jr.**
**Galen M. Hair**
**Hair Shunnarah Trial Attorneys, LLC**
**3540 S. I-10 Service Road W., Suite 300**
**Metairie, LA 70001**
**(504)684-5200**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Tommy M. Ardoin, Jr. as Succession Executor**

**Lynda Albano Tafaro**
**Lori D. Barker**
**W. Riley Carter**
**Wood, Smith, Henning & Berman, LLP**
**1100 Poydras St, #1800**
**New Orleans, LA 70163**
**(504) 386-9840**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Certain Underwriters at Lloyd's of London (#LD606857-01)**

**ORTEGO, Judge.**

This civil matter involves exceptions of prescription and no cause of action filed by Defendants as to Plaintiff's insurance claims against Defendants. After a hearing, the trial court granted the Defendants' exceptions of prescription and no cause of action and dismissed Plaintiff's insurance claims against Defendants. Plaintiff now appeals. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Hurricane Delta hit Louisiana on October 9, 2020, and caused extensive damage to the property belonging to Plaintiff, Tommy M. Ardoin, Jr., in Jennings, Louisiana. After Plaintiff submitted his claim for storm-related damages, Defendants, CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON, SUBSCRIBING TO CERTIFICATE NUMBER LD606857-01, (collectively "Defendants") inspected the property damage following the storm. Plaintiff's insurance policy at issue has limits of $50,000 dwelling, $5,000 other structures, and $1,000 loss of use.

Plaintiff ultimately became frustrated with Defendants' handling of his claims and filed a Complaint in the Western District of Louisiana ("WDLA") on August 25, 2022[1]. Defendants were served with process through the Louisiana Secretary of State on December 15, 2022. Noting that in Plaintiff's claims the amount in controversy did not meet the $75,000 jurisdictional minimum, Defendants filed a Motion to Dismiss for lack of subject matter jurisdiction, which Judge Cain of the WDLA granted on March 6, 2023. Plaintiff's counsel filed a notice of appeal of

---

[1] *Ardoin v. Certain Underwriters at Lloyds London*, No. 2:22-CV-04142, (W.D. La. Mar. 6, 2023) (unpublished opinion) (2023 WL 2386887), *appeal dismissed*, No. 23-30189 (5th Cir. July 18, 2023) (unpublished opinion) (2023 WL 6458645).

Judge Cain's ruling with the U.S. Fifth Circuit Court of Appeals. After granting Plaintiff two extensions to file a brief, Plaintiff failed to comply, and ultimately failed to prosecute his appeal to the U.S. Fifth Circuit Court of Appeals. The U. S. Fifth Circuit Court of Appeals dismissed Plaintiff's appeal on July 18, 2023, for want of prosecution.

After Judge Cain dismissed his federal complaint, Plaintiff filed this second petition for damage in the Thirty-First Judicial District Court on April 5, 2023, more than two years after Hurricane Delta. Defendants then filed the Exceptions of Prescription and No Cause of Action. A hearing on these exceptions was set for September 5, 2023. On August 28, 2023, Plaintiff filed its opposition to these exceptions, arguing that the WDLA was a court of competent jurisdiction; thus, that complaint interrupted prescription on Plaintiff's claims[2]. Defendants filed a Reply Memorandum in support of their exceptions, noting that Judge Cain's dismissal of the complaint for lack of subject matter jurisdiction was a final judgment and thus that issue was not before the state court.

After hearing, the state court granted the exceptions and dismissed Plaintiff's claims, with prejudice, by Judgment signed and noticed on September 20, 2023.

## ASSIGNMENTS OF ERROR

Plaintiff/Appellant assigns the following errors to the trial court's ruling:

1. The district court erred in sustaining defendants' Peremptory Exception of Prescription.

2. The district court erred in sustaining defendants' Peremptory Exception of No Cause of Action.

---

[2] Relevant to Plaintiff's arguments before this court, in his state court petition, Plaintiff did not argue that his bad faith claim was not prescribed, nor did he even suggest that any portion of his claim was subject to a ten-year prescriptive period.

# LAW AND DISCUSSION

## Assignment of Error Number One: Prescription

*Standard of Review*

The standard of review on an Exception of Prescription depends on whether evidence was adduced at the hearing on the exception. *Arton v. Tedesco*, 14- 1281 (La. App. 3 Cir. 4/29/15), 176 So. 3d 1125, 1128 (relying on *Allain v. Tripple B Holding, LLC*, 13-673 (La. App. 3 Cir. 12/11/13), 128 So. 3d 1278); *Boquet v. Boquet*, 2018-798 (La. App. 3 Cir. 4/10/19), 269 So. 3d 895, 899. When evidence is adduced at the hearing, the standard of review is manifest error. *Id.*

Here, the record shows that nine exhibits were entered into evidence by the parties at the hearing in this matter, therefore, the standard of review is manifest error.

*Arguments in Brief*

Plaintiff argues that the district court committed legal error in sustaining Defendants' Peremptory Exceptions of Prescription and No Cause of Action. Furthermore, Plaintiff contends that because the district court legally erred in its interpretation of La.Civ.Code art. 3462, and its related codal authorities, that the standard of review should be de novo. We disagree, and as discussed above, the standard of review is manifest error.

First, plaintiff argues that the district court erred in finding that his filing of suit in the WDLA did not interrupt prescription. Plaintiff contends his Complaint alleged an amount in controversy that was more than the $75,000 jurisdictional minimum. Plaintiff notes that Louisiana does not allow plaintiffs to allege specific monetary amounts in their petitions. Furthermore, as Plaintiff alleged claims of bad faith resulting in penalties and attorney fees against Defendants, Plaintiff argues he

successfully met the jurisdictional minimum for diversity jurisdiction. Therefore, the first suit filed in federal court served to interrupt prescription as to the second suit filed in state court.

Moreover, Plaintiff contends that the maintenance of justice requires that this court reverse the district court's judgment because prescription was interrupted by the first (federal) suit, which was still pending when the second (state) suit was filed. "An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues *as long as the suit is pending*." La.Civ.Code art. 3463(A) (emphasis added). "The interruption of prescription 'is *only* considered to have never occurred if the plaintiff abandons, voluntarily dismisses, or fails to prosecute the suit at trial.'" *Bank of New York Mellon v. Smith*, 11-60, p. 24, (La.App. 3 Cir. 6/29/11) 71 So.3d 1034, 1050 (emphasis added) (quoting *Batson v. Cherokee Beach and Campgrounds, Inc.*, 530 So.2d 1128, 1130 (La. 1988); La.Civ.Code art. 3463). "Issues of interruption of prescription *are determined as of the time of filing* of the suit sought to be dismissed, *not as of the time of filing exception based upon prescription*." La.Civ.Code art. 3463 (comment f), *writ denied,* 11-2080 (La. 11/18/11), 75 So.3d 462 (emphasis added).

Plaintiff further argues that the prescriptive period continued while the first suit was pending in the U.S. Fifth Circuit Court of Appeals. As to what "pending" means in this context, Plaintiff cites *Arnouville v. Crowe*, 16-0046, pp. 9-10 (La.App. 1 Cir. 9/16/16), 203 So.3d 479, 487, which states as follows: "[U]ntil there [is] a decision by [a] federal court that it lack[s] jurisdiction, the federal suit serve[s] to interrupt prescription, an interruption that continue[s] as long as the federal suit [is] pending." Plaintiff also cites *Bank of New York Mellon,* 71 So.3d 1034, wherein this

4

court relied on the supreme court's analysis of the word "pending." Quoting, *Hebert v. Drs. Mem'l. Hosp.*, 486 So.2d 717, 720 (La. 1986) (quoting Black's Law Dictionary (5th ed. 1979) p. 1021), in which the supreme court held that an action is pending" from its inception until the rendition of final judgment[,]" and that "final disposition connotes a state of affairs 'such that nothing further remains to fix the rights and obligations of the parties.'"

Thus, Plaintiff contends the interruption of his claim existed the entire time his claim was pending in the federal court. Upon dismissal without prejudice from the WDLA on March 6, 2023, based on the rules of interruption of prescription provided herein, the date of prescription restarted anew. Plaintiff then filed an appeal with the Fifth Circuit Court of Appeals within that new prescriptive period. Because Plaintiff filed a petition for damages in the Thirty-First JDC on April 5, 2023, less than 30 days into the new two-year prescriptive period, the claim had not prescribed. The Fifth Circuit Court of Appeals did not dismiss Plaintiff's appeal until July 18, 2023, more than three months after Plaintiff filed suit in the trial court. The last day of interruption was July 18, 2023, the day that the Fifth Circuit Court of Appeals upheld the WDLA's dismissal of the first suit without prejudice. At that time, Plaintiff argues that his filing of suit in state court was timely, and his claims had not prescribed.

In the alternative, Plaintiff urges this court to find that the trial court erred in finding that Plaintiff's bad faith claims had prescribed. Bad faith claims are not subject to the one-year prescriptive period for delictual actions, but instead subject to the ten-year prescriptive period for contractual actions: "Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years." La.Civ.Code art. 3499. Thus, Plaintiff argues that even if his claims for loss

5

of property are prescribed, Defendants' bad faith denial claim is in breach of contract and ripe for continued litigation.

On the other hand, Defendants argue that Plaintiff's claims are prescribed on the face of the petition, and plaintiff failed to show that his claims are not prescribed. Louisiana Civil Code Article 3462 provides that "if action is commenced in an incompetent court," as Defendants argue, "prescription is interrupted only as to a defendant served by process within the prescriptive period." Here, defendants were not served by process until December 15, 2022, more than two months after the Hurricane Delta prescriptive period ended. Because the WDLA was not a court of competent jurisdiction and defendants were not served within the prescriptive period, the complaint did not interrupt prescription.

Defendants further argue that Plaintiff's primary argument rests on the flawed assertion that the WDLA federal Complaint interrupted prescription such that the state petition was timely. Defendants contend the federal court ruling is final and not reviewable by this state court. Plaintiff's challenge to Judge Cain's ruling should have been pursued in the U.S. Fifth Circuit Court of Appeals; however, Plaintiff failed to file a brief, and the Fifth Circuit dismissed the appeal. Defendants argue that Plaintiff's attempt to re-argue federal court subject matter jurisdiction on appeal must be rejected because a state court has no power to re-consider a federal court's final judgment. Moreover, Defendants contend that as a final, non-appealable judgment, the federal court's dismissal of the Complaint for lack of subject matter jurisdiction is res judicata and cannot be re-litigated or collaterally attacked in this state court proceeding. La.R.S. 13:4231. Thus, Defendants conclude that the complaint did not interrupt prescription, and Plaintiff's claims have prescribed.

6

Defendants note that Plaintiff argues for the first time in this court that even if his property damage claims are prescribed, his bad faith claims have not prescribed. However, Defendants argue that this argument was not presented to the trial court, in either written opposition memorandum or in oral argument, and that argument should not be considered for the first time on appeal. *Mosing v. Domas*, 02-0012 (La. 10/15/02), 830 So.2d 967.

Defendant further argues that as the filing party, Plaintiff had the burden of proving the existence of federal jurisdiction. *Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254 (5th Cir.1988). As Judge Cain recognized, with policy limits of $56,000, even considering the bad faith allegations, Plaintiff did not satisfy his burden of proving the requisite amount in controversy as to each Defendant for federal diversity jurisdiction, and thus Judge Cain correctly dismissed the Complaint for lack of subject matter jurisdiction.

*Analysis*

Plaintiff filed his state petition on April 5, 2023, alleging that the property sustained damage in Hurricane Delta on October 9, 2020. A lawsuit for hurricane damage must be filed within two years of the date of the hurricane. La.R.S. 22:868(B). Thus, Hurricane Delta claims had to be filed by October 9, 2022. Because Plaintiff's state petition was filed more than six months after this two-year prescriptive period/window, the petition is prescribed on its face, and the burden of proof shifted to Plaintiff to show that the claims were not prescribed. *Bailey v. Khoury*, 04-620, 04-647, 04-684, (La. 1/20/05), 891 So.2d 1268.

Plaintiff argued to the district court and on appeal that his federal Complaint for Hurricane Delta damage filed in the WDLA on August 25, 2022, interrupted prescription such that the state court petition was timely.

Pertinent to this argument, La.Civ.Code article 3462 (emphasis added) provides as follows:

> Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. **If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period**.

After a review of the record, we find Plaintiff's arguments fails because (1) the WDLA was not a competent court of jurisdiction, and (2) Defendants were not served by process within the Hurricane Delta prescriptive period. Specifically, Defendants were not served with the state petition until December 15, 2022, two months after October 9, 2022, the end of the prescriptive period for Hurricane Delta claims.

As to Plaintiff's argument that the federal court had jurisdiction at the time of filing (despite the court's subsequent ruling dismissing Plaintiff's claim for lack of subject matter jurisdiction and Plaintiff's failure to appeal this ruling to the Fifth Circuit Court of Appeals), we find merit in Defendants' argument that the question of subject matter jurisdiction is final. We further agree that the federal court's ruling on subject matter jurisdiction specifically addresses whether the federal court had subject matter jurisdiction of the matter at the time of Plaintiff's initial filing. *Grupo Dataflux v. Atlas Global Grp., LP.*, 541 U.S. 567, 124 S. Ct. 1920, (2004). Therefore, we must reject Plaintiff's attempt to re-argue federal court subject matter jurisdiction on appeal because a state court has no power to re-consider a federal court's final judgment. Additionally, we reject Plaintiff's argument that subject matter jurisdiction briefly existed prior to that judgment, or that the federal suit was "pending" for purposes of prescription when Plaintiff began but did not complete

8

his appeal at the Fifth Circuit. Thus, Judge Cain's ruling precludes the possibility of jurisdiction having ever existed over this matter, and prescription was never interrupted. Therefore, we reject Plaintiff's argument that the federal claim was still pending on April 5, 2023, simply because the Fifth Circuit had not yet dismissed Plaintiff's neglected appeal. We find the WDLA complaint did not interrupt prescription, and thus, Plaintiff's hurricane claims are prescribed.

As to Plaintiff's bad faith claims, which he argues have a ten-year prescriptive period, Defendants correctly note that Plaintiff failed to raise this argument at the state trial court level, and cannot now raise it for the first time because "[a]s a general rule, appellate courts will not consider issues raised for the first time in this court, which are not pleaded in the court below and which the district [court] has not addressed." *Geiger v. State ex rel. Dep't of Health & Hosp.*, 01-2206, p. 11 (La. 4/12/02), 815 So.2d 80, 86. Furthermore, Defendants argue the trial court's granting of Defendants' exception of prescription renders Plaintiff's bad faith prescription argument moot, as discussed in the section below.

### Assignment of Error Number Two: No Cause of Action

*Applicable law*

This court has held that an "exception of no cause of action tests 'the legal sufficiency of the petition by determining whether the plaintiff is afforded a remedy in law based on the facts alleged in the pleading.'" *Gabriel v. Louisiana Organ Procurement Agency*, 22-775, p.3 (La.App. 3 Cir. 9/20/23), 371 So.3d 1121, 1123 (quoting *Crooks vs. Dep't of Nat. Res.,* 19-160, p. 16 (La. 1/29/20), 340 So.3d 574, 585). "The burden of proof lies with the exceptor, and all reasonable inferences are made in favor of the petitioner." *Id*. "Importantly, no evidence is admitted on an exception of no cause of action." *Id*. At 1123-24 (citing La.Code Civ.P. art. 931).

"The pertinent question is whether, in the light most favorable to the plaintiff and with every doubt resolved in plaintiff's behalf, the petition states any valid cause of action for relief." *Ramey v. DeCaire,* 03-1299, p. 8 (La. 3/19/14), 869 So.2d 114, 119; *Alisha Verrett v. Lake Wellness Center*, *L.L.C*., 23-168, (La. App. 3 Cir. 11/22/23), __So.3d __, (2023 WL 8101988).

<u>Arguments in brief</u>

In addition to claims for hurricane damage, including property damage, repairs, mitigation, and loss of use, Plaintiff also seeks recovery for bad faith penalties, attorneys' fees, and other damages pursuant to La.R.S. 22:1892 or La.R.S. 22:1973. Plaintiff argues that not only have his claims not prescribed for the reasons described in previous portions of this opinion, but he states a cause of action in his petition when he alleged claims of breach of contract and bad faith under La.R.S. 22:1973 and La.R.S. 22:1892. Plaintiff contends that though both exceptions were filed together, the evidence attached to Defendants' Exception of Prescription cannot and should not be considered in determining whether Plaintiff has a cause of action. To the extent that the district court's judgment relied on the evidence attached to Plaintiff's Exception of Prescription, the judgment should be reversed. Alternatively, Plaintiff argues this court should remand the matter to the trial court for a new trial on the merits of Plaintiff's Exception of No Cause of Action with no consideration given to evidence outside of the petition.

On the other hand, Defendants argue that Plaintiff's bad faith prescription argument is moot because Plaintiff's hurricane claims have prescribed. Thus, Plaintiff has no cause of action for any of the damages alleged in the petition, including bad faith, attorneys' fees or consequential damages pursuant to La.R.S. 22:1892 or La.R.S. 22:1973.

10

*Analysis*

Bad faith is defined by statute as the failure to pay "the amount of any claim due" within thirty days, pursuant to La.R.S. 22:1892, or sixty days, pursuant to La.R.S. 22:1973, when that failure to pay is "arbitrary, capricious or without probable cause." La.R.S. 22:1892(A)(3); La.R.S. 22:1973(B)(5). Thus, a prerequisite for finding that a party acted in bad faith is a finding that there is a valid claim, and "an amount due" to the insured. Here, as discussed above, Plaintiff's hurricane claim has prescribed, and thus there is no underlying claim nor any "amount due" to Plaintiff under the policy. Moreover, the Louisiana Supreme Court recently held that an insurance policy's two years contractual limitation on institution of suits applies to all claims arising out of hurricane damage, including claims for breach of good faith duties under La.R.S. 22:1892 and La.R.S. 22:1973. *Phyllis Wilson v. Louisiana Citizens Prop.*, 23-1320, (La. 1/10/2024), 375 So.3d 961. Because Plaintiff's hurricane claims prescribed, and there is no "amount due," Plaintiff has no cause of action for bad faith penalties, attorneys' fees, costs, or other damages pursuant to La.R.S. 22:1892 or La.R.S. 22:1973.

Accordingly, we find the court correctly sustained Defendants' Exception of No Cause of Action, and this assignment of error is without merit.

**DECREE**

For the reasons stated above, the trial court's judgment is affirmed. The costs of this appeal are assessed to Plaintiff/Appellant, Tommy J. Ardoin, Jr.

**AFFIRMED.**

11