JOY COSSICH LOBRANO, Judge.
hThe defendant, City of New Orleans, Taxicab and For-Hire Vehicle Bureau *946 (“City”), appeals the trial court judgment, which reversed the City’s decision to revoke the taxicab driver’s permit of plaintiff, Joseph Fritzner, and instead ordered that Mr. Fritzner’s permit be suspended for three months and that he be placed on probation for three years. For the following reasons, we vacate the judgment of the trial court, and remand the matter for further proceedings.
Mr. Fritzner filed a petition for a trial de novo and injunctive relief in Civil District Court for Orleans Parish regarding the City’s decision to revoke his permit to operate a taxicab. The City filed an answer to the petition. Following trial, the trial court rendered judgment on August 2, 2012, reversing the City’s decision to revoke Mr. Fritzner’s permit. Instead, the court ordered that Mr. Fritzner’s permit be suspended for three months from the original date of revocation, February 23, 2012, and that he remain on probation for three years, beginning May 23, 2012.
The City now appeals the trial court judgment. In addition to their original appeal briefs, the parties submitted supplemental briefs, pursuant to this Court’s request, on the issues of 1) whether the trial court exceeded his authority in conducting trial de novo; 2) whether the City waived any objection to the trial de | ¿novo by failing to object; and 3) whether a record exists or can be transcribed from the taxicab bureau that is available for transmission to the trial court.
The Louisiana Administrative Procedures Act (APA) provides the scope of a trial court’s review of an administrative decision in La. R.S. 49:964, entitled “Judicial Review of Adjudication.” That statute states as follows:
A.(1) Except as provided in R.S. 15:1171 through 1177, a person who is aggrieved by a final decision or order in an adjudication proceeding is entitled to judicial review under this Chapter whether or not he has applied to the agency for rehearing, without limiting, however, utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo provided by law. A preliminary, procedural, or intermediate agency action or ruling is immediately renewable if review of the final agency decision would not provide an adequate remedy and would inflict irreparable injury.
(2) No agency or official thereof, or other person acting on behalf of an agency or official thereof shall be entitled to judicial review under this Chapter.
B. Proceedings for review may be instituted by filing a petition in the district court of the parish in which the agency is located within thirty days after the transmittal of notice of the final decision by the agency or, if a rehearing is requested, within thirty days after the decision thereon. Copies of the petition shall be served upon the agency and all parties of record.
C. The filing of the petition does not itself stay enforcement of the agency decision. The agency may grant, or the reviewing court may order, a stay ex parte upon appropriate terms, except as otherwise provided by Title 37 of the Louisiana Revised Statutes of 1950, relative to professions and occupations. The court may require that the stay be granted in accordance with the local rules of the reviewing court pertaining to injunctive relief and the issuance of temporary restraining orders.
D. Within thirty days after the service of the petition, or within further time allowed by the court, the agency shall transmit to the reviewing court the original or a certified copy of the entire record of the proceeding under review.
*947 ]sBy stipulation of all parties to the review proceedings, the record may be shortened. A party unreasonably refusing to stipulate to limit the record may be taxed by the court for the additional costs. The court may require or permit subsequent corrections or additions to the record.
E. If, before the date set for hearing, application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon conditions determined by the court. The agency may modify its findings and decision by reason of the additional evidence and shall file that evidence and any modifications, new findings, or decisions with the reviewing court.
F. The review shall be conducted by the court without a jury and shall be confined to the record. In cases of alleged irregularities in procedure before the agency, not shown in the record, proof thereon may be taken in the court. The court, upon request, shall hear oral argument and receive written briefs.
G. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(6) Not supported and sustainable by a preponderance of evidence as determined by the reviewing court. In the application of this rule, the court shall make its own ^determination and conclusions of fact by a preponderance of evidence based upon its own evaluation of the record reviewed in its entirety upon judicial review. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by firsthand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency’s determination of credibility issues.
In cases involving judicial review of an administrative agency’s decision, the trial court is sitting as an appellate court and not exercising its original jurisdiction; therefore, the trial court’s review is confined to the record before the agency. See Metro Riverboat Associates, Inc. v. Louisiana Gaming Control Bd., 01-0185, p. 7 (La.10/16/01), 797 So.2d 656, 661; La. R.S. 49:964(F). In the instant case, the trial court conducted a trial de novo, which was requested by Mr. Fritzner. The record of the administrative proceeding before the City, which resulted in the revocation of Mr. Fritzner’s permit to operate a taxicab, was not transmitted to the trial court. The supplemental brief submitted by the City reveals that the December 9, 2011 hearing before the taxicab bureau was recorded and can be transcribed. Given this fact, and the rules set forth in La. R.S. 49:964, we conclude that the trial court exceeded his authority in conducting a trial de novo of Mr. Fritzner’s case. See Buras v. Board of Trustees of Police Pension Fund of City of New Orleans, 367 So.2d 849 (La.1979). The trial court’s review of *948 the administrative agency’s decision was required to be confined to the record before the agency.
Accordingly, we vacate the trial court’s August 2, 2012 judgment, and remand this matter to the trial court for further proceedings consistent with this opinion and the provisions of La. R.S. 49:964.
VACATED AND REMANDED