Law and Argument
The issues before us are (1) whether Ms. Wheat timely appealed the judgment affirming the Board's ruling and denying her petition and (2) whether the trial court properly entertained the exception of no cause of action.
First, we will address the timeliness of the appeal of the July judgment. The Louisiana Administrative Procedures Act (APA) provides the scope of a trial court's judicial review of an administrative decision in La. R.S. 49:964. Fritzner v. City of New Orleans , 12-1617 (La. App. 4 Cir. 5/22/13), 116 So.3d 945, 946. Further, La. R.S. 49:965 states, "An aggrieved party may obtain a review of any final judgment of the district court by appeal to the appropriate circuit court of appeal. The appeal shall be taken as in other civil cases."
"A judgment that determines the merits in whole or in part is a final judgment." La. C.C.P. art. 1841. Here, the district court judgment affirmed the Board's ruling denying Ms. Wheat's licensure, which determined the merits in their entirety and, thus, was a final judgment.
La. C.C.P. art. 2087(A) provides:
Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of any of the following:
(1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, *93 as provided by Article 1974 and Article 1811, if no application has been filed timely.
(2) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial or judgment notwithstanding the verdict, as provided under Article 1914.
In this case, neither party moved for a new trial or judgment notwithstanding the verdict. The final judgment at issue was rendered on July 12, 2016. Notice of judgment was mailed that day. Under La. C.C.P. art. 1974 and La. C.C.P. art. 1811, the seven-day delay for filing a motion for new trial or a motion for judgment notwithstanding the verdict expired on July 20, 2016. Thus, Ms. Wheat had until Monday, September 19, 2016 to take a devolutive appeal.[1] Ms. Wheat's motion for appeal was filed on January 18, 2017, well outside of the delay allowed by law. Thus, this Court lacks jurisdiction to address the merits of the final judgment rendered on July 12, 2016.
Next, we turn to whether the trial court properly entertained the Board's peremptory exception of no cause of action. According to La. C.C.P. art. 921, "An exception is a means of defense, other than a denial or avoidance of the demand, used by the defendant, whether in the principal or an incidental action, to retard, dismiss, or defeat the demand brought against him." "The function of the peremptory exception is to have the plaintiff's action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action." La. C.C.P. art. 923.
As we noted above, the trial court's denial of Ms. Wheat's petition for judicial review addressed the merits of the matter in their entirety. Thus, there was no action to dismiss or defeat. Further, the trial court was acting in an appellate posture. Under the Administrative Procedures Act, Ms. Wheat's remedy against the Board was limited to administrative relief, not damages for alleged tortious conduct.[2] For these reasons, we find that the trial court erred in entertaining the exception as it was moot.
Conclusion
Based on the foregoing, we dismiss this appeal as untimely.
APPEAL DISMISSED .

The time period ended on Sunday, September 18, 2016, which is a legal holiday under La. R.S. 1:55, and, thus, not included in the time computation pursuant to La. C.C.P. art. 5059.

This opinion does not address whether a litigant might file a petition for damages against a Board in an ordinary proceeding