SUNSET HARBOUR, L.L.C.

VERSUS

THE CITY OF NEW ORLEANS

\* \* \* \* \* \* \*

* NO. 2023-CA-0379

* COURT OF APPEAL

* FOURTH CIRCUIT

* STATE OF LOUISIANA

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-07392, DIVISION "A"
Honorable Ellen M. Hazeur, Judge
\* \* \* \* \* \*
**Judge Rachael D. Johnson**
\* \* \* \* \* \*

(Court composed of Judge Dale N. Atkins, Judge Rachael D. Johnson, Judge Nakisha Ervin-Knott)

Jonah A. Freedman
JONAH FREEDMAN LAW, LLC
700 Camp Street, Suite 316
New Orleans, LA 70130

COUNSEL FOR PLAINTIFF/APPELLANT

Shawn Lindsay
Donesia D. Turner
DEPUTY CITY ATTORNEY
1300 Perdido Street
Suite 5E03
New Orleans, LA 70112

COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED**
**November 29, 2023**

*RDJ*
*DNA*
*NEK*

Appellant, Sunset Harbour, LLC ("Sunset"), seeks review of two district court judgments: a January 18, 2022 interlocutory district court judgment, denying its Motion for Leave to Present Additional Evidence into an administrative record; and, a March 28, 2023 alternative judgment, denying its Petition to Appeal Administrative Judgment. Finding no error, we affirm the district court's respective judgments.

**FACTS AND PROCEDURAL HISTORY**

The instant appeal arises from ordinance violations assessed against Sunset's property located at 2610-12 S. Johnson Street ("the Property") in New Orleans.

The Property was sold at tax sale to Nebraska Alliance Realty Company ("NARC") in 2015. NARC later transferred its tax title interest in the Property, in "as is" condition, to Sunset on January 25, 2021. The transfer of the tax sale interest was recorded in the Orleans Parish Office of Conveyances on January 29, 2021.

Prior to the transfer, on December 4, 2020, a Code Enforcement Inspector for the City of New Orleans inspected the Property and discovered several

violations of the City's Minimum Property Maintenance Code ("the Code"), which led to the City opening Case Number 20-21313-MPM.

Code Enforcement issued a Notice of Hearing, dated May 19, 2021, to Sunset, as well as other potential owners of the Property, setting a July 1, 2021 administrative Code Enforcement hearing date and detailing the following nine Code violations present on the Property during the December 4, 2020 inspection:

1. CCNO 26-157; Sanitation

2. CCNO 26-160(a); Weeds and Plant Growth

3. CCNO 26-163; Fences and Walls

4. CCNO 26-172; Gutters and Downspouts

5. CCNO 26-176; Stairways

6. CCNO 26-178; Handrails and Guardrails

7. CCNO 26-179; Windows

8. CCNO 26-179; Door Frames

9. CCNO 26-181; Doors

When the Property was inspected a second time on June 24, 2021, the inspector determined that all nine violations remained present.

Subsequently, the July 1, 2021 administrative hearing was rescheduled to be held on August 2, 2021. A Notice of Reset was mailed to Sunset and all potential owners and affixed on the Property.

On July 7, 2021, Sunset hired Preaux Construction Services, LLC ("Preaux") to remediate the Property. Preaux submitted a demolition permit application to the City on July 20, 2021. The City issued the permit on July 28, 2021. On the same date the demolition permit was issued, the Property was

inspected a third time and was found in the same condition as the prior two inspections.

At the August 2, 2021 Code Enforcement hearing, the City's Representative recounted the Property's nine cited Code violations: 1) unsecured doors; 2) cracked door frames that were not weather tight in the rear; 3) unsecured windows on the left side; 4) missing handrails and guardrails; 5) deteriorated and hazardous stairways in disrepair; 6) defective and leaking downspouts and gutters which drained onto neighboring property; 7) rear fencing and walls missing boards or pieces; 8) overgrown and obnoxious weeds over 18 inches; and 9) accumulated trash, debris, and unsanitary conditions in the rear of and underneath the Property. She also introduced all three inspection reports, as well as corresponding photographs taken during each inspection, evidencing that all nine Code violations were present on the Property during each inspection.

Sunset's counsel testified that Sunset initially encountered difficulties in finding a contractor who could quickly commence abatement work; nevertheless, Sunset eventually retained Preaux. Its counsel further testified that Preaux applied for a building permit to commence work on July 20, 2021; however, because the City issued the permit eight days later, Sunset was only left with a few days to abate the alleged violations before the hearing. Furthermore, Sunset presented the hearing officer with six photos of its abatement efforts, a copy of the demolition permit, and a copy of the construction contract with Preaux. Sunset requested additional time to complete the abatement; however, the hearing officer denied the request.

The hearing officer noted that the scope of the work included in the construction contract and the permit did not fully encompass abatement of all nine

3

Code Enforcement violations. Finding Sunset guilty of all nine violations, the hearing officer assessed the following fines and costs, totaling $2,475.00; $500 for violation of CCNO 26-176; $500 for violation of CCNO 26-178; $250 each for two violations of CCNO 26-179; $500 for violation of CCNO 26-181; a reduced fine in the amount of $100 each for violations of CCNO 26-157, CCNO 26-160(a), CCNO 26-163, and CCNO 26-172 that remained on the Property during all three inspections, but were abated by the hearing date; and a $75 hearing cost.

Thereafter, Sunset furnished security to suspend execution of the Administrative Judgment and filed a petition to appeal said judgment. Sunset also moved for leave to present additional evidence into the administrative record, which the district court denied on January 18, 2022. It filed a supervisory writ application with this Court, seeking review of the January 18, 2022 district court judgment, but the writ application was denied. *Sunset Harbour, L.L.C. v. The City of New Orleans*, unpub., 22-0073 (La. App. 4 Cir. 2/15/22).

At a March 3, 2023 hearing, the district court denied Sunset's Petition to Appeal Administrative Judgment, orally ruling in favor of the City and affirming the hearing officer's judgment as follows:

> The petitioner, Sunset Harbour, LLC, failed to carry out its burden of proof to show that the City of New Orleans's decision was arbitrary or capricious or that the city abused its discretion.
>
> Here, the administrative record establishes that the property was inspected three times and all three inspection reports note the same nine violations. Furthermore, the photographs taken on December 4, 2020, show the violations. The hearing officer issued $100 fines for the abated violations and issued either $250 or $500 fines for the violations not remedied. Based on these facts, it does not appear that the administrative judgment was arbitrary, capricious, or an abuse of discretion. Furthermore, the Court finds that the

4

administrative decision is not in violation of constitutional provisions.

Based on everything before it, the Court finds that the evidence furnished a legal and substantial basis for the city's decision. Therefore, petitioner's request is denied.

The district court rendered a written judgment on March 28, 2023.

This timely appealed followed. Sunset raises two assignments of error: the district court erred in denying Sunset's Motion for Leave to Present Additional Evidence; and the Administrative Court erred in rendering an administrative judgment against the Property in the amount of $2,475.00.

**Denial of Motion for Leave to Present Additional Evidence**

Sunset avers that the district court abused its discretion when it declined to order the administrative record supplemented with the photos of the abatement of the Property taken post-hearing, which were attached to the affidavit of Sunset's contractor, Mitchell Curole. It contends that the district court had the authority to order the supplemental evidence be admitted into the administrative record if the evidence is "material" and the mover had "good cause" for failure to present it at the administrative hearing, under La. Rev. Stat. 49:964(E).[1] Sunset avers that it has good cause because the City caused the delay in abatement by delaying the issuance of the demolition permit, thereby preventing Sunset from submitting evidence of full abatement at the administrative hearing.

In its motion, Sunset sought to introduce into the administrative record affidavits of Nathaniel M. Phillips—an officer of Sunset's parent company,

[1] Louisiana Revised Statute 49:964 was redesignated as La. Rev. Stat. 49:978.1 by Acts 2022, No. 663, § 1 of the Louisiana Legislature and became effective on August 1, 2022. In accordance with the redesignation and pursuant to La. Civ. Code art. 6, the statute will hereafter be cited as La. Rev. Stat. 49:978.1 in this opinion.

5

Iberville Capital, L.P.—and Mr. Curole, as well as photographic evidence of the complete abatement of the Property. Sunset contends that it is asking this Court to:

> order evidence into the administrative record ***that did not exist*** at the time of the hearing do [sic] [to] the fault of the City of New Orleans. Mr. Curole's affidavit explains how abatement work was being completed ***on the day of the hearing.*** . . . The photos attached to the affidavit demonstrate the abatement work that was either in progress while the hearing was being conducted or completed soon thereafter. . . . Sunset is not asking the Court to admit into evidence information that Mitchell Curole could have testified to.

> For the District Court to deny the abatement completion photos into the administrative record because Mitchell Curole could have testified defies logic. Mr. Curole could not have testified to or presented evidence of what did not yet exist.

Louisiana Revised Statute 49:978.1(E) provides:

> If, before the date set for hearing, application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon conditions determined by the court. The agency may modify its findings and decision by reason of the additional evidence and shall file that evidence and any modifications, new findings, or decisions with the reviewing court.

Sunset's argument in support of this assignment of error incidentally establishes why its motion should be denied. Evidence of abatement that occurred at the time of or shortly after the administrative hearing is irrelevant due to its untimeliness. The purported evidence is not germane to the actual condition of the Property at the time of the hearing. Moreover, consideration of such evidence belies a purpose of setting a hearing date: to establish a deadline for property owners to become compliant.

Sunset avers that good cause exists for consideration of the evidence because the City delayed in issuing its permit. Sunset summarily asserts that the City delayed in issuing the permit by waiting eight days to issue the same. However, Sunset's argument overlooks the City's required permit review process by asserting that somehow it is the City's fault that it conducted the required review and did not quickly or instantaneously issue the requested permit. No evidence was presented showing a delay existed or what the normal processing time is for a demolition permit. Also, at the administrative hearing, Sunset could have presented Mr. Phillips and Mr. Curole to testify or presented their affidavits attesting to the setbacks Sunset faced in hiring a contractor or remediating the Property, respectively.

Lastly, Sunset avers that the district court orally explained at the hearing that the court was denying Sunset's motion because it failed to cite any authority in support of its arguments and that Sunset's affiants could have testified at the administrative hearing. Sunset avers that the district court's reasoning is flawed. Nevertheless, as Sunset recognizes, a "district court's oral or written reasons for judgment form no part of the judgment, and . . . appellate courts review judgments, not reasons for judgment." *Wooley v. Lucksinger*, 09-0571, 09-0584, 09-0585, 09-0586, p. 77 (La. 4/1/11), 61 So.3d 507, 572 (quoting *Bellard v. Am. Cent. Ins. Co.*, 07-1335, p. 25 (La. 4/18/08), 980 So.2d 654, 671).

The *Wooley* Court reasoned that often judgments are upheld on appeal for reasons differing from those assigned by the district court. *Id*. "[W]ritten reasons for judgment are merely an explication of the trial court's determinations"; nevertheless, "[t]hey do not alter, amend, or affect the final judgment being

appealed . . . ." *Id.* at pp. 77-78, 61 So.3d at 572 (quoting *State in the Interest of Mason*, 356 So.2d 530, 532 (La. App. 1st Cir. 1977)).

For the foregoing reasons, we find that the district court did not abuse its discretion in denying Sunset's motion for leave. This assignment of error is without merit.

**The Administrative Judgment**

In Sunset's remaining assignment of error, it argues that the hearing officer erred in rendering an administrative judgment against the Property in the amount of $2,475.00. Specifically, Sunset avers the judgment is: (1) arbitrary for rendering a judgment of $400.00 in fines for "abated" violations; (2) not supported by a preponderance of the evidence; (3) violates the Louisiana Equal Protection Clause under La. Const. art. I, § 3 for discriminating against small properties in favor of large, commercial properties; and (4) violates the Excessive Fines Clause under the Eighth Amendment. Therefore, Sunset avers that the administrative judgment should be reversed for the above-numbered reasons under La. Rev. Stat. 49:978.1(G).

This Court has previously held that "[t]he proceedings and findings of an administrative agency are presumed to be legitimate and correct." *Hayes v. City of New Orleans*, 21-0752, p. 7 (La. App. 4 Cir. 8/3/22), 346 So.3d 304, 309 (quoting *Mystery House, LLC v. City of New Orleans*, 20-0014, p. 6 (La. App. 4 Cir. 11/25/20), 365 So.3d 95, 99). "[A]n appellate court sitting in review of an administrative agency reviews the findings and decision of the administrative agency and not the decision of the district court." *Bourgeois v. La. State Racing Comm'n,* 10-0573, p. 7 (La. App. 4 Cir. 11/12/10), 51 So.3d 851, 856 (quoting

8

*Smith v. State Dep't of Health & Hosp.,* 39,368, p. 4 (La. App. 2 Cir. 3/2/05), 895 So.2d 735, 739).

The scope of judicial review of agency decisions and the exclusive grounds upon which an administrative agency's decision may be reversed or modified are set forth in La. Rev. Stat. 49:978.1 (G):

> The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, conclusions, or decisions are:
>
> (1) In violation of constitutional or statutory provisions;
>
> (2) In excess of the statutory authority of the agency;
>
> (3) Made upon unlawful procedure;
>
> (4) Affected by other error of law;
>
> (5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
>
> (6) Not supported and sustainable by a preponderance of evidence as determined by the reviewing court. In the application of this rule, the court shall make its own determination and conclusions of fact by a preponderance of evidence based upon its own evaluation of the record reviewed in its entirety upon judicial review. In the application of this rule, where the agency has the opportunity to judge the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.

Moreover, "the decisions of the administrative agency are subject to a rebuttable presumption of validity and should not be reversed by a reviewing court absent 'a clear showing that the decision (1) was arbitrary or capricious, (2) was an abuse of the hearing officer's discretion, or (3) was manifestly erroneous based on

the evidence in the record on appeal.' " *St. John the Baptist Par. v. Dutch Bayou Dev. Co.,* 19-357, p. 8 (La. App. 5 Cir. 1/29/20), 290 So.3d 292, 298 (quoting *Gebre v. City of New Orleans*, 14-0904, 14-0905, p. 7 (La. App. 4 Cir. 10/7/15), 177 So.3d 723, 730). Appellants bear the burden of proof "to demonstrate any grounds for reversal or modification." *Mystery House,* 20-0014, p. 6, 365 So.3d at 99 (citing *Reaux v. La. Bd. of Med. Exam'rs*, 02-0906, p. 2 (La. App. 4 Cir. 5/21/03), 850 So.2d 723, 726). "Absent such a showing, the reviewing court may not may not [sic] substitute its own judgment for that of the agency." *St. John the Baptist Par.,* 19-357, p. 8, 290 So.3d at 298 (citing *Clark v. La. State Racing Comm'n*, 12-1049, pp. 10-11 (La. App. 4 Cir. 12/12/12), 104 So.3d 820, 827).

The evidence presented at the administrative hearing established that the Property was in violation of the city ordinances referenced in the notice. Because Preaux was still remediating the Property at the time of the hearing, it is undisputed that all of the alleged Code violations were not completely abated when the hearing occurred. Moreover, the record also reflects that all of the Code violations were present on the Property for all three inspections, although ultimately Sunset managed to abate four violations just prior to the hearing date. This means that the Property sat blighted, as a nuisance, and as an eyesore in the community for at least an eight-month period. Furthermore, this Court has previously upheld an administrative hearing officer's imposition of $100 fines for abated violations. *See Hayes*, 21-0752, p. 7, 346 So.3d at 309.

Sunset asserts that it faced hardship in retaining a contractor and blames the City for allegedly delaying the issuance of its demolition permit. However, it failed to present evidence of any grounds for reversal or modification of the administrative judgment under La. Rev. Stat. 49:978.1(G), especially considering

that it had the opportunity to submit proof to the hearing officer in support of these two claims.

Lastly, regarding Sunset's claims that the administrative judgment violated the Equal Protection Clause of the Louisiana Constitution and the Excessive Fines Clause of the United States Constitution, we find that Sunset is precluded from raising these arguments. Appellate review is limited to the administrative record. La. Rev. Stat. 49:978.1(F); *Fritzner v. City of New Orleans*, 12-1617, p. 4 (La. App. 4 Cir. 5/22/13), 116 So.3d 945, 947. Considering that Sunset's constitutional arguments were not raised before the hearing officer and are not present in the administrative record, we pretermit a discussion of these arguments.

In light of the foregoing, Sunset did not show that the hearing officer's judgment was arbitrary or capricious, nor did Sunset demonstrate that the hearing officer abused her discretion. This assignment of error is without merit.

### DECREE

Finding that the district court did not err in its denial of Sunset's Motion for Leave to Present Additional Evidence, nor in its denial of Sunset's Petition to Appeal Administrative Judgment, we affirm the district court's judgments of January 18, 2022, and March 28, 2023, respectively.

**AFFIRMED**